UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WAYLON BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| RANDELL ILES, in his individual capacity; | ) |
| and SHERIFF MARK WOOD, in his official | ) |
| capacity as a public entity; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, Waylon Bailey, by and through undersigned counsel, who files this Complaint. In support, he states the following:

**I.   INTRODUCTION**

1.   It is well known that the internet is a place of jokes, memes, photos, and the random musings of individuals in modern society.

2.   This case concerns the completely baseless arrest of Mr. Waylon Bailey following a harmless joke he posted to Facebook. In response to this online joke, a SWAT team descended on Mr. Bailey, hauled him off to the Sheriff's office, and named Defendant herein Randell Iles ("Defendant Iles") arrested Mr. Bailey for "terrorizing." Defendant Iles signed an affidavit to be submitted to the judge in support of the arrest, but there is no indication that any judge ever executed a warrant for the arrest of Mr. Bailey. Instead, Mr. Bailey posted a bond and was released from custody. A criminal case against Mr. Bailey never proceeded (because there was no underlying criminal conduct). As is set forth below, Mr. Bailey was arrested in violation of the First and Fourth Amendments.

3.   Consequently, the baseless arrest and terrorizing charge against Mr. Bailey had a

1

profound impact on Mr. Bailey's life and status in the community. Mr. Bailey developed severe anxiety requiring prescription medication and many individuals still believe that Mr. Bailey is a "terrorist" (since he was arrested for "terrorizing"). Furthermore, the second search result when one Googles "Waylon Bailey" returns "Forest Hill man arrested in terrorism case – KALB".

4. However, Mr. Bailey is nothing close to a terrorist. The arrest of Mr. Bailey by Defendant Iles was so baseless that, upon information and belief, an arrest warrant was never signed by a Judge for the arrest of Bailey. The District Attorney did not pursue charges against Mr. Bailey. Nor could the District Attorney have pursued charges because there was never anything that could be considered competent evidence to satisfy the probable cause requirement for an arrest under Louisiana R.S. 14:40.1.

5. Under established Fifth Circuit case law, an objectively unreasonable arrest-warrant can violate the Fourth Amendment as the initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection – which is exactly what happened here.

6. When an arrest is made in response to speech, and when there is no probable cause for that arrest, the arrestor violates the First Amendment.

7. Mr. Bailey sues under 42 U.S.C § 1983 against Randell Iles, in his individual capacity, for violation of his First and Fourth Amendment rights. Mr. Bailey also sues Defendant Iles for state law claims of malicious prosecution and false arrest. Finally, Mr. Bailey brings state law claims of malicious prosecution and false arrest against Sheriff Mark Wood, in his official capacity as a public entity.

## II. **JURISDICTION AND VENUE**

8. Mr. Bailey's claims against Defendant Iles arise under federal civil rights law. This

2

Court has jurisdiction over Mr. Bailey's claims of federal rights claim under 42 U.S.C § 1983, which is enforceable in this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

9.  This Court has supplemental jurisdiction over Mr. Bailey's state law claims against Sheriff Mark Wood, in his official capacity as a public entity, as Mr. Bailey's claims against Sheriff Mark Wood arise from the same operative facts as those brought against defendant Iles.

10. The venue is proper in the Western District of Louisiana under 28 U.S.C. § 1391(b)(2). A substantial part of the events giving rise to these claims occurred in Rapides which is situated in the Western District of Louisiana.

### III. THE PARTIES

11. Mr. Waylon Bailey is an individual, of sound mind and over the age of majority, residing in Rapides Parish, Louisiana.

12. Defendant Iles is an individual who, at all times relevant to this action, was a Sheriff's detective working for Sheriff Mark Wood, which is the public entity that oversees the Rapides Parish Sheriff's Office. Defendant Iles is sued in his individual capacity for damages (punitive, actual, and nominal) and attorneys' fees/costs.

13. Defendant Sheriff Mark Wood is the public entity that oversees what is commonly known as the Rapides Parish Sheriff's Office. Sheriff Mark Wood is sued in his official capacity as the employer of Mr. Iles and other relevant employees. Sheriff Mark Wood is sued solely as to state law claims for malicious prosecution and false arrest.[1]

---

[1] At the time the events in this case occurred, the sheriff was William Earl Hilton. However, Mr. Hilton is no longer the sheriff and, therefore, Sheriff Mark Wood is the proper party defendant for Mr. Bailey's state law claims brought against the governmental entity.

## IV. FACTS

### A. Mr. Bailey Posts a Joke to Facebook.

14. The isolation and lockdown imposed by COVID-19 has been hard on many individuals. In response, many individuals turned to social media as an outlet for self-expression, social commentary, and humor.

15. A hashtag is user generated metadata used on social networks such as Twitter and other microblogging services that is generally descriptive, conveys a message or theme, and helps other users easily find similar messages.

16. The internet is well known as a rowdy "place" that frequently contains individuals posting jokes, memes, personal musing, even posting conspiracy theories.

17. It is widely known and understood that this online commentary is little more than harmless banter.

18. Even the President of the United States is known to use Twitter to regularly post outlandish rhetoric, jokes, meme, bombastic comments, etc.

19. Mr. Bailey was no different. On March 20, 2020, bored due to the Coronavirus lockdown, Mr. Bailey posted the following message to his Facebook feed:

> SHARE SHARE SHARE ! ! ! ! JUST IN: RAPIDES PARISH SHERIFFS OFFICE HAVE ISSUED THE ORDER, IF DEPUTIES COME INTO CONTACT WITH "THE INFECTED' SHOOT ON SIGHT….Lord have mercy on us all. #Covid9teen #weneedyoubradpit

20. Mr. Bailey's hashtag was an obvious joke and reference to the zombie movie <u>World War Z</u>, which features Brad Pitt acting as a former United Nations investigator who must travel the world to find a way to stop a zombie pandemic.

21. COVID-19 is well known to be a respiratory infection akin to the annual flu, except with a higher fatality rate.

22. On March 20, 2020, there was no indication that individuals infected with COVID-19 were turning into zombies that would have to be "shot on sight."

23. Quite simply, Mr. Bailey's March 20, 2020 Facebook post is nothing more than a hyperbolic joke / satire. (whether the Court finds the joke / satire to be amusing is beside the point).

24. Any reasonably reader would tell that Mr. Bailey's post was a joke / satire, especially considering the reference to the zombie movie World War Z, which features Brad Pitt.

25. Mr. Bailey's intent and purpose in making the Facebook post was not to cause mass hysteria or the evacuation of a building—it was to post a joke to Facebook in a time of isolation and solitude.

26. Notably, Mr. Bailey's joke referenced the Rapides Parish Sheriff's Office and the joke was "at the expense" of the Sheriff's Office.

**B.    Mr. Bailey is Arrested for Posting a Joke to Facebook.**

27. The Rapides Parish Sheriff's Office did not take kindly to being involved in Mr. Bailey's joke.

28. According to a statement issued by the Rapides Parish Sheriff's Office, upon learning about Mr. Bailey's Facebook post "[d]etectives immediately initiated an investigation and identified Waylon Allen Bailey 27, of Forest Hill as a suspect."

29. Shortly thereafter, Mr. Bailey was greeted by a group of approximately ten (10) Rapides Parish Sheriff Officers that, upon information and belief, were part of the SWAT team

and descended on his home as if he were Pablo Escobar.[2]

30. Upon information and belief, detective Defendant Iles was the leader of the "investigation."

31. According to a written report by Defendant Iles, he made contact with Mr. Bailey. Thereafter, the following is noted:

> "Bailey admitted to creating the post. There was no ill will towards the Sheriff's Office; he only meant it as a joke."

32. Despite learning that the Facebook post was a joke, Defendant Iles admits in his report that "Bailey was arrested without incident for 1 count of terrorism as defined by Louisiana Revised Statute 14:40.1."

33. Thereafter, Mr. Bailey was transported to the Rapides Parish Jail and book to the jail on the charge of terrorism.

34. Thereafter, Defendant Iles prepared an "Affidavit of Probable Cause for Arrest Without a Warrant." (the "Affidavit").

35. In a section of the Affidavit entitled Probable Cause and Facts of Arrest, the full

---

[2] *See, e.g.*, what undersigned understands to be a photo of the Rapides Parish Sheriff Office SWAT team, which resembles a paramilitary unit:



basis for Defendant Iles' arrest of Mr. Bailey is stated as follows:

> "On 2/20/20 the suspect put up a Facebook Post that Rapides Parish Sheriff's Office has orders to "shoot on sight" due to Corona Virus outbreak. Arrested without incident."

36.     Defendant Iles was obligated to have probable cause that Mr. Bailey committed the offense prior to arresting Mr. Bailey.

37.     The criminal statute at issue, Louisiana Revised Statute 14:40.1, contains two very specific requirements, namely:

> (1) proving the intentional communication of information that the commission of a crime of violence is imminent or in progress, or that a circumstance dangerous to human life exists or is about to exist; and

> (2) proving the intent to cause members of the general public to be in sustained fear for their safety, or to cause evacuation of a building, a public structure, or a facility of transportation, or to cause other serious disruption to the general public.[3]

38.     Here, Defendant Iles had zero evidence that Mr. Bailey violated either of these elements (much less both elements).

39.     First, Mr. Bailey did not convey that "a crime of violence is imminent or in progress." Mr. Bailey conveyed a joke / satire.

40.     Second, in no way did Mr. Bailey possess "intent" to cause members of the general public to be in sustained fear for their safety, or to cause evacuation of a building, a public structure, or a facility of transportation, or to cause other serious disruption to the general public.

41.     Again, Mr. Bailey's "intent" was to post a joke that he thought others would find funny, amusing, or comical.

42.     Defendant Iles had actual knowledge that the second element could not be met, as

---

[3] *State v. Jason*, 2008-1319 (La. App. 3 Cir. 5/6/09), 9 So. 3d 336, 338–39, *writ denied*, 2009-1257 (La. 1/29/10), 25 So. 3d 830.

is evidence by his report which states that "There was no ill will towards the Sheriff's Office; he only meant it as a joke."

43. Despite complete lack of evidence that Mr. Bailey had committed "terrorism," as defined by Louisiana Revised Statute 14:40.1, Defendant Iles detained and arrested Mr. Bailey for allegedly violating Louisiana Revised Statute 14:40.1.

44. Mr. Bailey was forced to post a $10,000.00 bond, of which his friends and family had to pay $1,200.00 towards a bail bondsman. Mr. Bailey paid his friends / family this money and, thus, Mr. Bailey is out-of-pocket $1,200.00.

45. Ultimately, and almost assuredly due to the complete lack of evidence, the District Attorney did not accept the charge against Mr. Bailey and no criminal case proceeded.

46. By arresting Mr. Bailey without probable cause, Defendant Iles violated Mr. Bailey's Fourth Amendment right to be free from arrest in the absence of probable cause.

47. Defendant Iles' conduct was objectively unreasonable. There was never any evidence that Mr. Bailey violated Louisiana Revised Statute 14:40.1. A reasonable police officer would not have arrested Mr. Bailey in the face of the complete absence of evidence that the underlying elements of the offense were committed.

48. In fact, during undersigned's pre-suit investigation of the facts of this case, undersigned asked the Sheriff's Office to produce all documents related to Mr. Bailey. A copy of the arrest affidavit was produced, but this affidavit was never signed or approved by a Judge.[4]

49. Upon information and belief, no Judge ever found that there was probable cause for the arrest of Mr. Bailey.

50. Moreover, Mr. Bailey engaged in Constitutionally protected speech—comedy /

---

[4] *See* Exhibit "A" (confidential personal information redacted).

satire.

51. In response to this comedy / satire, Mr. Bailey was arrested by Defendant Iles.

52. Mr. Bailey was not arrested based on any underlying misconduct unrelated to his protected speech.

53. Further, as is set forth above, there was no probable cause for the arrest of Mr. Bailey.

54. Mr. Bailey suffered significant damages because of Defendants' unlawful arrest.

55. Mr. Bailey is out-of-pocket a total of $1,200.00 for the bond he had to post.

56. Shortly after his arrest, the Sheriff's Office announced on its Facebook page that it had arrested Mr. Bailey for terrorizing, and it published Mr. Bailey's residential address. This Facebook post received over 1,800 interactions (*e.g.*, likes or comments) and more than 1,300 "shares." Given the large number of comments and share, the Sheriff's Office post likely reached tens of thousands of individuals.

57. Even worse, however, is that Mr. Bailey developed anxiety and suffered emotional distress as a result of being taken from his home by a para-military unit in response to his online banter. To combat this anxiety, Mr. Bailey has sought medical attention and was prescribed prescription anti-anxiety medication.

58. Mr. Bailey has been branded a "terrorist" on the news and in his local community, which significantly impacts his reputation.

59. Likewise, top search results for Mr. Bailey's name and the word Rapides results in

a search result that suggests Mr. Bailey is a terrorist.[5]

60. By and through the above, Defendant Iles intentionally arrested Mr. Bailey despite knowing there were insufficient probable cause for the arrest or with reckless disregard for the truth.

61. Defendant Iles had an obligation to fully investigate the alleged crime prior to arresting Mr. Bailey. Instead of conducted a reasonably prudent investigation, Defendant Iles arrested Mr. Bailey based on speculation and/or in response to his constitutionally protected speech.

62. No probable cause for Mr. Bailey's arrest for Terrorizing ever existed.

63. Upon information and belief, the damages suffered by Mr. Bailey include, but are not limited to: past and future emotional distress, anxiety, fear, depression, and humiliation, wrongful incarceration, loss of freedom of movement, invasion of privacy, reduction of character, lost employment capacity, and reduced employment potential.

---

[5] *See, e.g.*, the following search on Google.com on 2020/9/16:



    **C.**    **Sheriff Mark Woods Was the Employer of Defendant Iles and is Responsible for His Employees.**

64.    Sheriff Mark Woods was the employer of Defendant Iles at all times relevant to this action. Defendant Iles' conduct itemized above was committed by Defendant Iles in the course and scope of his employment with Sheriff Mark Woods.

65.    Sheriff Mark Woods was also the employer of other individuals who were involved in this action and assisted and/or facilitated the arrest (and purported investigation) of Mr. Bailey.

**V.**    <u>**CLAIMS FOR RELIEF**</u>

**Claim I: Violation of the Mr. Bailey's Fourth Amendment Rights
Enforced Through 42 U.S.C § 1983
(Solely as to Defendant Iles)**

66.    Mr. Bailey realleges and incorporates paragraph 1 through 65.

67.    The Fifth Circuit has held that "[t]he initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested, for example." *Castellano v. Fragozo*, 352 F.3d 939, 945, 953 (5th Cir. 2003) (en banc).

68.    Here, as is discussed and detailed above, Defendant Iles arrested Mr. Bailey and instituted criminal charges against Mr. Bailey without probable cause.

69.    Mr. Bailey was arrested for Terrorizing pursuant to Louisiana Revised Statute 14:40.1.

70.    By and through the above, Defendant Iles arrested Mr. Bailey even though there was no probable cause for said arrest. This action was taken knowingly and intentionally, or with reckless disregard for the truth.

71.    Defendant Iles either knew or should have known that there was no probable cause for the arrest of Mr. Bailey.

72. Accordingly, for the conducted detailed above, Mr. Iles violated Mr. Bailey's Fourth Amendment rights.

73. Mr. Bailey's Fourth Amendment rights can be enforced through 42 U.S.C § 1983.

74. Accordingly, Mr. Bailey brings suit against Mr. Iles under 42 U.S.C § 1983 for violation of his Fourth Amendment rights.

75. Defendant Iles' conduct evinced a reckless disregard of the health, safety, or rights of Mr. Bailey. Thus, an award of punitive damages would be appropriate against Mr. Iles.

76. As a relief for Defendant Iles's violation of his Fourth Amendment right, Mr. Bailey seeks an award of damages (actual, nominal, and punitive) and attorneys' fees/costs.

### Claim I: Violation of the Mr. Bailey's Fourth Amendment Rights
### Enforced Through 42 U.S.C § 1983
### (Solely as to Defendant Iles)

77. Mr. Bailey realleges and incorporates paragraph 1 through 65.

78. "[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *Enlow v. Tishomingo County*, 962 F.2d 501, 509 (5th Cir.1992) (quoting *City of Houston v. Hill*, 482 U.S. 451, 462, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987)).

79. Here, Mr. Bailey posted a joke / satire that was "at the expense" of the Rapides Parish Sheriff's Office.

80. The Sheriff's Office "immediately" began an investigation.

81. Defendant Iles determined that Mr. Bailey posted his Facebook comment as a "joke."

82. Nonetheless, Defendant Iles arrested Mr. Bailey on the alleged offense of terrorizing.

83. Mr. Bailey did not commit any underlying conduct unrelated to his political speech that would be the basis for an arrest.

84. Accordingly, Mr. Bailey was arrested for engaging in protected political speech.

85. As is set forth above, there was no probable cause for the arrest of Mr. Bailey.

86. Defendant Iles arrested Mr. Bailey and instituted criminal charges against Mr. Bailey without probable cause and in violation of his First Amendment right.

87. By and through the conduct outlined above, Defendant Iles retaliated against Mr. Bailey because he posted a "joke" that was at the expense of the Rapides Parish Sheriff's Office.

88. Upon information and belief, Defendant Iles was upset with Mr. Bailey, possessed animus towards Mr. Bailey, or intended to teach Mr. Bailey a "lesson" by posting a joke about the Rapides Parish Sheriff's Office.

89. By and through the above, Defendant Iles arrested Mr. Bailey even though there was no probable cause for said arrest. This action was taken knowingly and intentionally, or with reckless disregard for Mr. Bailey's First Amendment rights.

90. Defendant Iles' conduct was objectively unreasonable. A reasonable police officer would have known that Defendant Iles' conduct was unconstitutional.

91. Defendant Iles either knew or should have known that there was no probable cause for the arrest of Mr. Bailey.

92. Accordingly, for the conducted detailed above, Defendant Iles violated Mr. Bailey's First Amendment rights.

93. Mr. Bailey's First Amendment rights can be enforced through 42 U.S.C § 1983.

94. Accordingly, Mr. Bailey brings suit against Defendant Iles under 42 U.S.C § 1983 for violation of his First Amendment rights.

95. Defendant Iles' conduct evinced a reckless disregard of the health, safety, or rights of Mr. Bailey. Thus, an award of punitive damages would be appropriate against Defendant

Iles.

96. As a relief for Mr. Iles violation of his First Amendment right, Mr. Bailey seeks an award of damages (actual, nominal, and punitive) and attorneys' fees/costs.

### Claim III: State Law Claim for Malicious Prosecution
### (As to both Defendants)

97. Mr. Bailey realleges and incorporates paragraph 1 through 65.

98. Under Louisiana law a claim for malicious prosecution requires proof of six elements: 1) the commencement or continuance of an original criminal or civil judicial proceeding; 2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; 3) its bona fide termination in favor of the present plaintiff; 4) the absence of probable cause for such proceeding; 5) the presence of malice therein; and 6) damages conforming to legal standards resulting to plaintiff. *Hibernia Nat'l Bank of New Orleans v. Bolleter*, 390 So.2d 842 (La.1980).

99. As a result of the facts set in in paragraph 1 through 92, each of the elements of a Louisiana claim for malicious prosecution have been satisfied.

100. A plaintiff ordinarily bears the burden of proof on all the elements of the malicious prosecution action, including proving the absence of probable cause and malice. However, there is a presumption of lack of probable cause which is set forth in *Robinson v. Rhodes*, 300 So.2d 249, 251 (La.App. 2d Cir.1974), *writ refused*, 303 So.2d 178 (La.1974). *Robinson* firmly establishes

> "the rule that where a committing magistrate, without a trial, has discharged the accused, or the prosecuting officer has dismissed the charge, or where a grand jury has returned a no bill, there is a presumption of want of probable cause with the result that, in a suit for malicious prosecution based on that discharge, the burden of showing that he acted on probable cause and without malice is upon the defendant."

101. Here, there was a bona fide termination in favor of the present plaintiff because the

14

criminal charges were not pursued. Thus, there is a presumption of want of probable cause and Defendants bears the burden of showing that they acted on probable cause and without malice.

102. Defendant Woods is responsible for any/all wrongful conduct committed by its employees pursuant to the doctrine of *respondeat superior*.

103. As relief for Defendants' violation of his right to be free from malicious prosecution, Mr. Bailey seeks an award of compensatory/actual damages and costs.

### Claim IV: State Law Claim for False Imprisonment
### (As to both Defendants)

104. Mr. Bailey realleges and incorporates paragraph 1 through 65.

105. The tort of false imprisonment consists of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention." *Kennedy v. Sheriff of E. Baton Rouge*, 05–1418, p. 32 (La.7/10/06), 935 So.2d 669, 690.

106. As a result of the facts set in in paragraph 1 through 92, each of the elements of a Louisiana claim for false imprisonment have been satisfied.

107. Here, Defendants detained Mr. Bailey and did not have probable cause to arrest or imprison Mr. Bailey. Thus, Defendants committed the tort of false imprisonment.

108. Defendant Woods is responsible for any/all wrongful conduct committed by its employees pursuant to the doctrine of *respondeat superior*.

109. As relief for Defendants' violation of his right to be free from false imprisonment, Mr. Bailey seeks an award of compensatory/actual damages and costs.

### VI. REQUEST FOR TRIAL BY JURY

110. Mr. Bailey requests a trial by Jury as to all claims and factual issues.

**VII.    RELIEF REQUESTED**

111.    Wherefore Mr. Bailey requests judgment be entered against Defendants and that the Court grant the following:

   a. Award damages (compensatory, nominal, and punitive) against Defendant Manuel 42 U.S.C § 1983 for violation of Mr. Bailey's First and Fourth Amendment rights.

   a. Award actual/compensatory damages and costs against Defendants under Mr. Bailey's state law claims of malicious prosecution and false imprisonment;

   b. Award costs and attorney's fees pursuant to 42 U.S.C § 1983 and its attendant attorneys' fees/costs provisions;

   c. Order such other and further relief, at law or in equity, to which Mr. Bailey may be justly entitled.

Respectfully submitted, this Monday, September 21, 2020

/s/ Garret S. DeReus
BIZER & DEREUS, LLC
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Emily A. Westermeier (LA # 36294)
ewest@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996