UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
|    Waylon Bailey                                  <br>            Plaintiff | Civil No. 1:20-CV-01211 |
| VS. | JUDGE DAVID C. JOSEPH |
| RANDELL ILES, in his individual capacity; and SHERIFF MARK WOOD, in his official capacity as a public      <br>            Defendant | MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES |

**RULE 26(f) REPORT**

Trial Date:

Pretrial Conference Date:

Type of Trial:  ☒  JURY        ☐  BENCH

Estimated length of trial is 3 court days.

1. **Participants:**

    Garret S. DeReus, for Mr. Waylon Bailey

    Eli J. Meaux, for Sheriff Mark Wood and Detective Randell Iles


2. **Affirmation Regarding Initial Disclosures:**

    The parties affirm that they have complied with the initial disclosure requirement.

3. **Jurisdictional Basis:**

    Court has jurisdiction over Mr. Bailey's claims of federal rights claim under 42 U.S.C § 1983, which is enforceable in this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has supplemental jurisdiction over Mr. Bailey's state law claims against Sheriff Mark Wood, in

his official capacity as a public entity, as Mr. Bailey's claims against Sheriff Mark Wood arise from the same operative facts as those brought against defendant Iles.

4. **Brief Description of Claims:**

Mr. Bailey, bored during the height of the COVID-19 pandemic, posted a joke to his Facebook page. This joke consisted of the outlandish statement that Rapides Parish Sheriff Officers was going to shoot " 'the infected' on sight" and concluded with the hashtag #weneedyoubradpit. This hashtag is a reference to the zombie movie World War Z, which features Brad Pitt acting as a former United Nations investigator who must travel the world to find a way to stop a zombie pandemic. Read in full, it is clearly a joke (this Court need not agree that the joke was amusing or that Mr. Bailey is a comedic genius). The internet is well known as a rowdy "place" that frequently contains individuals posting jokes, memes, and personal musing.

In response to Mr. Bailey's online joke, an armed SWAT team from the Rapides Parish Sheriff Office descended on Mr. Bailey's home. Detective Iles was the leader of the "investigation." According to a written report by Defendant Iles, he made contact with Mr. Bailey and quickly learned that "Bailey admitted to creating the post. There was no ill will towards the Sheriff's Office; he only meant it as a joke."

Despite learning that Mr. Bailey had made a joke, Detective Iles arrested Mr. Bailey for allegedly violating Louisiana Revised Statute 14:40.1, terrorizing. This statute contains two very specific requirements, the second of which is "intent to cause members of the general public to be in sustained fear for their safety or to cause evacuation of a building, a public structure, or a facility of transportation, or to cause other serious disruption to the general public." At no time did Detective Iles have probable cause to believe that Mr. Bailey possessed the requisite intent to "cause members of the general public to be in sustained fear" or to evacuate a building. To the

contrary, at the time of Mr. Bailey's arrest, Detective Iles knew that Mr. Bailey's intent was to post a joke. Thus, Detective Iles arrested Mr. Bailey without probable cause.

As is explained in *Castellano v. Fragozo* "[t]he initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested, for example." 352 F.3d 939, 945, 953 (5th Cir. 2003) (en banc). Mr. Bailey sues Detective Iles under 42 U.S.C § 1983 because his First and Fourth Amendment rights were violated when he was arrested without probable cause. Moreover, Mr. Bailey's right to be subject to arrest only if the requite probable cause exists was clearly established at the time of Mr. Bailey's arrest and, therefore, qualified immunity is unavailable to Detective Iles.

Mr. Bailey also brings state law claims of malicious prosecution and false imprisonment against Detective Iles and Sheriff Mark Wood, in his official capacity as a public entity. Sheriff Wood is responsible, under Mr. Bailey's state law claims, for the wrongful conduct committed by its employees pursuant to the doctrine of *respondeat superior*.

Finally, the remedy prayed for in this case is damages (compensatory, nominal, and punitive) and attorneys' fees/costs. In terms of the sum sought, Mr. Bailey seeks the greatest quantum available under the facts and permissible under the law. However, even an award of nominal damages would be significant as it would vindicate Mr. Bailey's Constitutional rights and deter defendants from violating the rights of other individuals in the future. As such, even an award of nominal damages would make Mr. Bailey a prevailing party.

5. **Brief Statement of Responses:**

The Defendants contest Bailey's version of events set forth in his Brief Description of Claims above. As the Defendants asserted in their answer, Bailey's claims have no basis in

fact or law as will be shown during the litigation of this matter.  More specifically, Bailey's actions, for which he was arrested, provided adequate probable cause for his arrest and do not support civil rights claims or the state law claims brought herein.  Discovery will show that Bailey's interpretation of investigative documents is incorrect and that at no time prior to Bailey's arrest did Detective Iles "learn[] that Mr. Bailey had made a joke."  While Bailey asserted then, and continues to assert here, that his posting was a "joke" that ultimately self-serving excuse is not legally sufficient to eliminate the probable cause created by the words of his posting.  Finally, Detective Iles is protective from these claims by qualified immunity.

6. **Anticipated Amendments to Pleadings and Motions:**

    At this time, the parties do not anticipate any amendments to the pleadings.

    Mr. Bailey make file a motion for partial summary judgment on Defendants' affirmative defenses to streamline the trial of this action.

    The Defendants intend to file any dispositive motion(s) which are supported by the facts revealed in discovery.

7. **Anticipated Expert Witnesses:**

    The parties do not yet know the identities of any expert witnesses which they may retain.

8. **Discovery Plan:**

    The Court's instructions state "The parties received a discovery plan in the Scheduling Order previously issued in this case." To date, however, the parties in this case have not received a previously issued Scheduling Order with proposed dates.

    The parties are in agreement that seven (7) months to conduct fact discovery should be sufficient time to conduct written discovery and schedule/conduct depositions.

9. **Stipulations:**

The parties stipulate that this Court has jurisdiction over the federal claims brought herein at the time of this filing.

10. **Major Issues of Fact and Law in Dispute:**

Plaintiff asserts that the following major issues of fact and law in dispute include:

1. Whether probable cause for the underlying arrest existed at the time of Mr. Bailey's arrest.
2. Whether Defendant Iles' conduct was objectively unreasonable.
3. Whether a reasonable police officer would have arrested Mr. Bailey in the face of the complete absence of evidence that the underlying terrorizing offense were committed.
4. What damages Bailey sustained as a result of the allegations of his Complaint.
5. Whether Defendant Iles is entitled to qualified immunity based on the facts which will be adduced in discovery.
6. Whether Waylon Bailey's civil rights, under the First or Fourth Amendment were violated by the actions alleged in his Complaint.
7. Whether Waylon Bailey may recover under Louisiana state law claims of malicious prosecution and false imprisonment against either Defendant.
8. Whether Defendant Iles's conduct supports an award of punitive damages.

The Defendants assert that prior to discovery, the major issues of fact and law in dispute include:

1. Whether probable cause for the underlying arrest existed at the time of that arrest.

2. Whether Bailey has sustained any damages as a result of the allegations of his Complaint.

3. Whether Detective Iles is entitled to qualified immunity based on the facts which will be adduced in discovery.

4. Whether Waylon Bailey's civil rights, under the First, Fourth, Fourteenth, or any other Amendment, were violated by the actions alleged in his Complaint.

5. Whether Waylon Bailey may recover under Louisiana state law claims of malicious prosecution and false imprisonment against either Defendant under the facts as they will be adduced in discovery.

6. Whether the facts, as will be adduced at trial, support an award of punitive damages.

7. Whether Detective Iles' conduct was objectively reasonable.

8. Whether a reasonable police officer would have arrested Waylon Bailey based on the facts known at the time of the arrest.

**11. <u>Related Case Information:</u>**

Mr. Bailey was arrested for allegedly committing terrorizing and he was forced to post a bond. However, Mr. Bailey's counsel has called the Rapides Parish Clerk of Court during pre-suit investigation and was advised that there was no formal case, docket number, etc. The cases are related in that Detective Iles arrest of Mr. Bailey without probable cause is the genesis of this action.

**12. <u>Surveillance Evidence</u>:**

The parties are in agreement with the procedure for surveillance evidence set forth in the Court's instructions.

**13. <u>Alternative Dispute Resolution (ADR)</u>:**

The parties have considered the use of ADR and agree that this case is amenable to ADR. The appropriate stage for ADR in this case would be after the close of discovery. The parties agree that a settlement conference with the Magistrate Judge—at that stage—could be productive.

**14. <u>Rule 16 Conference</u>:**

The parties do not believe that a Rule 16 conference with the Magistrate Judge is necessary.

**15. <u>Electronic Courtroom</u>:**

This case is not document intensive.

**16. <u>Electronically Generated Exhibits or Aids</u>:**

Plaintiff may use a powerpoint presentation, or similar visual aid, during opening and/or closing argument.

Defendants do not anticipate the use of electronically generated exhibits or aids at this time but reserve the right to present such evidence at a future trial on this matter.

**17. <u>Handicap Provisions</u>:**

None needed.

## 18. <u>Consent Trials</u>:

The Defendants do not consent to a trial by Magistrate Judge.

|  |  |
|---|---|
| 2/2/2021 | /s/ Garret S. DeReus |
| 2/2/2021 | /s/ Eli J. Meaux |