## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| WAYLON BAILEY, | ) | |
| | ) | CIVIL ACTION NO. 1:20-CV-01211 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DAVID C. JOSEPH |
| | ) | |
| RANDELL ILES, in his individual | ) | MAG. JUDGE PEREZ-MONTES |
| capacity; and SHERIFF MARK WOOD, | ) | |
| in his official capacity as a public entity; | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Respectfully Submitted,

BIZER & DeREUS, LLC
Attorneys for Plaintiff
Andrew D. Bizer, Esq. (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus, Esq. (LA # 35105)
gdereus@bizerlaw.com
Emily Westermeier, Esq. (LA # 36294)
ewest@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:/s/ Garret S. DeReus
 **Garret S. DeReus**

i

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................... ii

TABLE OF AUTHORITIES ................................................................. iii

A. Introduction............................................................................................. 1

B. Many of Defendants' Facts Are Inferences for a Fact Finder ...................... 1

C. There Was No Probable Cause for the Arrest of Mr. Bailey ........................ 3

    1) The Purported "Complaint…………………………………………………...7

    2) The Belief of a "Legitimate Threat"…………………………………………8

    3) Comments on the Facebook Post……………………………………………9

D. No Reasonable Officer Would Have Arrested Mr. Bailey Without Evidence in Support of an Element of the Criminal Offense ..................... 10

E. Mr. Bailey's First Amendment Claim Rises or Falls with His Fourth Amendment Claim ............................................................................. 12

F. There Was No Probable Cause That Mr. Bailey Committed "Attempted Terrorizing." ........................................................................................ 13

G. Mr. Iles Committed Malicious Prosecution Against Mr. Bailey ................ 15

H. There is No Material Dispute that Mr. Iles Committed False Arrest ........ 16

I. Mr. Bailey's Claim for Punitive Damages Should Not be Dismissed ......... 17

J. Conclusion ......................................................................................... 18

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. al-Kidd,*
    563 U.S. 731 (2011) ......................................................................... 12

*Bigford v. Taylor,*
    834 F.2d 1213 (5th Cir. 1988) ........................................................... 5

*Brosseau v. Haugen,*
    543 U.S. 194 (2004) ......................................................................... 11

*Crawford v. Formosa Plastics Corp., La.,*
    234 F.3d 899 (5th Cir.2000) .............................................................. 9

*Davidson v. City of Stafford, Texas,*
    848 F.3d 384 (5th Cir. 2017) ........................................................... 12

*Durant v. Brooks,*
    826 F. App'x 331 (5th Cir. 2020) .................................................... 17

*Durant v. Gretna City,*
    2020 WL 263669 (E.D. La. Jan. 17, 2020) ..................................... 17

*Dyas v. Shreveport Police Dept.,*
    136 So. 3d 897 (La. App. 2 Cir. 2014) ............................................ 16

*Evett v. DENTFF,*
    330 F.3d 681 (5th Cir. 2003) ................................................... 4, 5, 7

*Gordy v. Burns,*
    2000 WL 798499 (E.D. La. June 20, 2000) ................................... 17

*Hamilton v. Powell,*
    2014 WL 6871410 (W.D. La. Dec. 2, 2014) .................................... 5

*Illinois v. Gates,*
    462 U.S. 213 (1983) ........................................................................... 4

*Lemoine v. Wolfe,*
    168 So. 3d 362 (La. 3/17/15) .......................................................... 17

*Mangieri v. Clifton*,
   29 F.3d 1012 (5th Cir. 1994) ........................................................................................ 11

*McCurdy v. Montgomery County, Ohio*,
   240 F.3d 512 (6th Cir.2001) ...................................................................................... 4, 16

*McMasters v. Dep't of Police*,
   172 So. 3d 105 (La. App. 4 Cir. 5/15/15) ................................................................... 18

*Newport v. Fact Concerts, Inc.*,
   453 U.S. 247 (1981) ..................................................................................................... 18

*Nieves v. Bartlett*,
   139 S. Ct. 1715 (2019) ................................................................................................. 13

*Perez v. Drs. Hosp. at Renaissance, Ltd.*,
   624 F. App'x 180 (5th Cir. 2015) .................................................................................. 9

*Resendiz v. Miller*,
   203 F.3d 902 (5th Cir.2000) .......................................................................................... 4

*Richard v. Lafayette Fire & Police Civ. Serv. Bd.*,
   8 So. 3d 509 (La. 2/6/09) ......................................................................................... 4, 16

*Smith v. Wade*,
   461 U.S. 30 (1983) ....................................................................................................... 18

*State ex rel. J.S.*,
   2000-2514 (La. App. 1 Cir. 2/16/01) ....................................................................... 12, 14

*State ex rel. RT*,
   2000-0205 (La. 2/21/01) ....................................................................................... 3, 12, 14

*State v. Bonck*,
   613 So. 2d 1125 (La. Ct. App.) .................................................................................... 15

*State v. Shaw*,
   969 So. 2d 1233 (La. 11/27/07) ..................................................................................... 6

*State v. Williams*,
   593 So.2d 753 (La.App. 5 Cir.1992) ........................................................................... 15

*Stokes v. Faber*,
    522 F. Supp. 3d 225 (E.D. La. 2021) ............................................................................. 6, 7

*Westfall v. Luna*,
    903 F.3d 534 (5th Cir. 2018) ......................................................................................... 11

## **<u>Statutes</u>**

La. R.S. 14:40.1 ....................................................................................................................... 1

LSA–R.S. 14:10 ..................................................................................................................... 13

LSA–R.S. 14:27 ..................................................................................................................... 13

A.     **<u>Introduction.</u>**

The law is crystal clear: Louisiana Revised Statute 14:40.1 requires the criminal defendant to have caused (a) one or more persons be in "sustained fear" for his or another person's safety; (b) an evacuation of a building, a public structure, or a facility of transportation; or (c) a "serious disruption" to the public. Thus, for law enforcement to have probable cause as to the offense of terrorizing, there must be evidence that the individual caused one of the above three circumstances.

There is no material dispute that Mr. Bailey did not cause any of the aforementioned circumstances. Mr. Bailey did not cause "sustained fear" in one or more persons, did not cause the evacuation of a building, and did not cause a "serious disruption" to the public. Defendants do not—because they cannot—argue that any of these circumstances occurred. The only "circumstance" Mr. Bailey caused was for the Rapides Sheriff's Office to feel slighted by a silly joke on Facebook. Because of this, Defendants are left to rely upon three vague Facebook comments (two of which were posted by Mr. Bailey!) and two non-binding and wholly unpersuasive federal district court cases, all while ignoring the body of Louisiana case law related to La. R.S. 14:40.1.

There is no material dispute of fact that Mr. Iles did not have probable cause to arrest Mr. Bailey for terrorizing under La. R.S. 14:40.1. No reasonable officer would have arrested Mr. Bailey in the absence of evidence in support of any of the essential elements of terrorizing. Defendants' motion for summary judgment should be denied and Plaintiff's motion for partial summary judgment should be granted.

B.     **<u>Many of Defendants' Facts Are Inferences for a Fact Finder.</u>**

In their brief, Defendants include various facts. However, many of these facts are disputed. Additionally, Defendants omit many critical facts. A complete response to Defendants' facts, and

a complete itemization of all germane facts, can be found in Mr. Bailey's concurrently filed Statement of Undisputed Facts.

Nonetheless, Mr. Bailey responds to several of Defendants' purported "facts."[1] Many of Defendants' "facts" are not facts but are simply the wholly unsupported argument of defense counsel.[2]

Defendants' Purported Fact No. 1 ("On March 20, 2020, Iles was instructed by Major Cicardo to investigate a complaint arising from Bailey's Facebook page").[3] Whether a "complaint" was actually made is a material dispute of fact. See *Infra* at 7-8.

Defendants' Purported Fact No. 4 ("During the course of his investigation, Iles read Bailey's Facebook post and several following posts, which posts could reasonable be believed to show that members of the public were alarmed and/or felt threatened by Bailey's post").[4] This is the argument of defense counsel, not facts drawn from record evidence. Two of the three vague comments reviewed by Mr. Iles were made by Mr. Bailey himself. The third comment merely stated "I'm reporting you. I'm reporting you". See *Infra* at 9-10.

Defendants' Purported Fact No. 9 ("It was reasonable to believe that the post was a threat that put deputies at risk of harm").[5] This statement is the unsubstantiated argument of defense counsel. Defendant does not cite any deposition transcript, expert reports, affidavits, etc.

---

[1] See R. Doc. 20-1, p. 14-15 (PDF numbering).

[2] The numbering of the facts in Defendants' memorandum does not match the numbering from its "Statement of Undisputed Material Facts" (R. Doc. 20-2). Therefore, Plaintiff provides a footnote to cross reference to Defendants' Statement of Undisputed Material Facts.

[3] This "fact" corresponds to Fact No. 3 from Defendants' Statement of Undisputed Material Facts.

[4] This "fact" corresponds to Fact No. 7 from Defendants' Statement of Undisputed Material Facts.

[5] This "fact" most closely corresponds to Fact No. 26 from Defendants' Statement of Undisputed Material Facts.

Defendants' Purported Fact No. 10 ("The post can be fairly interpreted to cause the public to believe their lives were at risk from deputies[.]").[6] This statement is the unsubstantiated argument of defense counsel. Defendant does not cite any deposition transcript, expert reports, affidavits, etc.

Defendants' Purported Fact No. 11 ("The post can be fairly interpreted to cause law enforcement officials to believe their lives were at risk from the public.").[7] This statement is the unsubstantiated argument of defense counsel. Defendant does not cite any deposition transcript, expert reports, affidavits, etc.

**C.** **There Was No Probable Cause for the Arrest of Mr. Bailey.**

For the reasons set forth in his own motion for summary judgment memorandum, R. Doc. 16-1, there is no material dispute that Mr. Iles failed to have probable cause to arrest Mr. Bailey. Furthermore, no reasonable officer would have arrested Mr. Bailey under the available facts. Plaintiff incorporates the discussion in his previously filed memorandum, R. Doc. 16-1, by reference.

The legal requirements of terrorizing under La. R.S. 14:40.1 are clearly written in the text of the law. Without question, La. R.S. 14:40.1 requires the criminal defendant to have caused (a) one or more persons be in "sustained fear" for his or another person's safety; (b) an evacuation of a building, a public structure, or a facility of transportation; or (c) a "serious disruption" to the public. See La. R.S. 14:40.1; see also, *State ex rel. RT*, 2000-0205 (La. 2/21/01), 781 So. 2d 1239, 1242.

---

[6] This "fact" corresponds to Fact No. 25 from Defendants' Statement of Undisputed Material Facts.
[7] This "fact" most closely corresponds to Fact No. 26 from Defendants' Statement of Undisputed Material Facts.

"A warrantless arrest must be based on 'probable cause.' Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir.2000).  Mere speculation or hunches do not constitute reasonable suspicion, much less probable cause. *Richard v. Lafayette Fire & Police Civ. Serv. Bd.*, 2008-1044 (La. 2/6/09), 8 So. 3d 509, 517. The establishment of probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n. 13 (1983). But mere speculation that a crime could be occurring is insufficient to establish probable cause. See *McCurdy v. Montgomery County, Ohio*, 240 F.3d 512, 519 (6th Cir.2001).

Reliance on unsubstantiated statements is insufficient for probable cause and an officer's obligation to investigate is heightened when there is no obligation to make a split-second decision. In *Evett v. DENTFF*, the officer's failure to conduct further investigation meant that the officer's probable cause determination hinged on nothing more than the unsubstantiated statement of another officer—a statement that, even if believed, established only a tenuous connection between the suspect and any criminal activity. 330 F.3d 681, 687–89 (5th Cir. 2003). The court found that a "reasonable and prudent" officer would not have arrested the individual without further investigation. *Id*. at 688. This was especially true, the court found, because the officer was not obligated to make a "split second" decision. *Id*. at 689. Further, law enforcement "may not disregard facts tending to dissipate probable cause." *Bigford v. Taylor*, 834 F.2d 1213, 1218 (5th Cir. 1988)

In their brief, Defendants fail to engage with the actual legal requirement of La. R.S. 14:40.1. Instead, Defendants lean heavily on two non-binding federal district court cases—while

wholesale ignoring Louisiana state court cases on the issue (including the Louisiana Supreme Court case of *State ex rel. RT*).

The first case Defendants rely upon is the *pro se* case of *Hamilton v. Powell*. In that case, the plaintiff was forcibly ejected from a store by law enforcement in a belligerent state. No. CIV.A. 13-2702, 2014 WL 6871410, at *1 (W.D. La. Dec. 2, 2014). The plaintiff then called and stated that he had loaded guns and intended to return to the store. *Id*. The plaintiff had previously made threats to law enforcement. *Id*. Based on the threat to return to the store with a gun, a warrant was obtained, and law enforcement arrested the plaintiff on attempted terrorizing, simple assault, and threatening a public official. *Id*.

The *Hamilton* case is distinguishable and unpersuasive. As a threshold matter, the case is wholly unpersuasive. The court in *Hamilton* did not assess whether the officers had probable cause to believe that the plaintiff's actions arose to the level of "sustained fear" or "serious disruption."[8] Given that the court did not apply the facts to the law, the *Hamilton* opinion is simply not useful.

Even if the *Hamilton* court had performed the necessary analysis, the facts are wholly distinguishable. The plaintiff in *Hamilton* was physically ejected from a store in an altercation; Mr. Bailey was never physically aggressive to the police. The plaintiff in *Hamilton* threatened to commit a crime using a firearm; Mr. Bailey never threatened to use a firearm against the police. The plaintiff in *Hamilton* was a known offender; Mr. Bailey had no history of altercations with the police.

Defendants also point to *Stokes v. Faber*, 522 F. Supp. 3d 225, 232 (E.D. La. 2021), but that case is also distinguishable and unpersuasive. As a threshold matter, just as in *Hamilton*, the

---

[8] The short opinion in *Hamilton* is likely explained by the *pro se* plaintiff's failure to oppose the motion for summary judgment filed by the defendant.

court in *Stokes* made no effort to explain how the plaintiff's actions caused "sustained fear" or a "serious disruption." This omission cannot be casually disregarded. Merely causing fear is not sufficient under La. R.S. 14:40.1; the fear must be "sustained." Sustained means "maintained at length without interruption or weakening."[9] Likewise, merely causing a disruption is not sufficient; the disruption must be "serious." The most applicable definition of serious is "excessive or impressive in quality, quantity, extent, or degree."[10] The starting point for interpreting what a Louisiana law requires is the text of the law itself. *State v. Shaw*, 2006-2467 (La. 11/27/07), 969 So. 2d 1233, 1242 ("we begin our analysis with the proposition that the starting point in the interpretation of any statute is the language of the statute itself."). Neither the *Hamilton* or *Shaw* opinions are helpful as they do not evaluate the text of the law or how the facts apply to the law.

The *Stokes* facts are also distinguishable. In *Stokes*, the plaintiff caused a disruption at a school by suggesting that he was a future "school shooter" and, in response, parents were calling as to taking their kids out of school and "things started escalating very rapidly[.]" *Id*. at 234. The police apparently had evidence that the plaintiff's conducted caused "terror in the school" to the students, faculty, staff, and parents. *Id*. at 238. Further, the plaintiff in *Stokes* "admitted to all elements of the crime of terrorizing perhaps with the exception of intent." *Id*. at 232.

Here, in contrast, Defendants are unable to point to evidence members of the public were in "sustained fear" or that a "serious disruption" occurred. There is no evidence that anyone was in fear because of Mr. Bailey's post and there certainly wasn't "terror in a school." Mr. Bailey's conduct did not result in a litany of individuals making frantic phone calls. No "split-second"

---

[9] "Sustained." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/sustained. Accessed 11 Mar. 2022.
[10] "Serious." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/serious. Accessed 11 Mar. 2022.

decisions needed to be made regarding Mr. Bailey's Facebook post. *Evett,* 330 F.3d at 688-89. Finally, Mr. Bailey did not admit to "all elements of the crime" when the *Stokes* plaintiff did. Just as in *Hamilton*, the facts are wholly inapposite.

To argue that the arrest of Mr. Bailey was justifiable, Defendants point to the following assertions: (1) that officer Iles was "assigned a complaint" by his supervisor; (2) that his supervisor believed that a "legitimate threat had been made;" and (3) by referencing comments on Bailey's post stating "I'm reporting you. I'm reporting you", "this is your fault", and "YOU MADE ME DO THIS" which, according to Defendants, "could be reasonably believed to show that members of the public were alarmed and/or felt threatened by the post." None of these arguments are sufficient to establish that Defendant Iles had probable cause to believe that members of the public were in *sustained fear* or that a *serious disruption* had occurred.

(1) The Purported "Complaint." Defendants claim that Mr. Iles was "assigned a complaint." Even if a member of the public did make a complaint—which has not been established—the nature of that purported complaint is wholly unknown. The generalized existence of an undefined complaint does not establish that the individual who made the complaint was in "sustained fear." Perhaps that purported complainant was offended by the bad joke, but was not in a state of "sustained fear." The mere lodging of a complaint does not establish the existence of fear, much less "sustained fear."

More importantly, however, is that there is no evidence that a "complaint" was even made. *First*, Mr. Iles was not aware of a specific member of the public who complained of Mr. Bailey's post. On the paperwork completed, under "victim," Mr. Iles did not list a natural person and, instead, he identified the "victim" as "society/public."[11] If Mr. Iles had known of a natural person

---

[11] R. Doc. 16-7, Deposition of Randell Iles, 34:19-35:1.

that was harmed by Mr. Bailey's Facebook post, he should have listed them.[12] Mr. Iles never even received a report that anyone was frightened by Mr. Bailey's Facebook post.[13] *Second*, Mr. Bailey testified that one of the deputies instructed Mr. Bailey that the next thing he put on Facebook "should be not to fuck with the Police," and then the deputies proceeded to laugh.[14] No documentary evidence of a "complaint" was produced in discovery. *Third*, the deputies proceeded to publicize Mr. Bailey's arrest on Facebook, which was widely disseminated.[15] A jury could interpret this unnecessary publication as vindictive action to punish Mr. Bailey.

A jury could reasonably infer that the Rapides Parish Sheriff's Office did not take kindly to being the subject of Mr. Bailey's joke, that there was no "complaint," and that the Sheriff's Office decided to *sua sponte* interrogate and arrest Mr. Bailey. Whether said inference should be drawn is the natural providence of the jury. Indeed, intent is usually shown only by inferences. See *Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir.2000). The Fifth Circuit has explained that "[i]nferences are for a fact-finder…" *Perez v. Drs. Hosp. at Renaissance, Ltd.*, 624 F. App'x 180, 184–85 (5th Cir. 2015).

(2) The Belief of a "Legitimate Threat." Defendants claim that Mr. Iles' supervisor believed Mr. Bailey's post was a "legitimate threat." Even if true (this fact is disputed) there is no evidence in the record that Mr. Iles' supervisor was in sustained fear or that members of the public caused a "serious disruption" by acting upon Mr. Bailey's Facebook post. In fact, the opposite is true: When asked whether anyone had reported that they were fearful or concerned, all Mr. Iles could point to was the purported complaint and the vague comments on the Facebook post.[16]

---

[12] *Id*. at 35:2-12.
[13] *Id*. at 42:8-15.
[14] R. Doc. 16-5, Bailey depo, 41:17-22.
[15] See Ex. "A" (Facebook post by Sheriff's Office).
[16] R. Doc. 16-7, Iles depo, at 35:13-36:8.

Likewise, Mr. Iles agreed that his visit to Mr. Bailey was not prompted by a serious disruption, something like a riot, a takeover of a building, or "anything like that."[17] Defendants have failed to establish that Mr. Iles' supervisor was in sustained fear or that the post caused a "serious disruption."

Moreover, for the same reason discussed above as to the purported "Complaint," whether Mr. Iles' supervisor believe the post was a "legitimate threat" is a material dispute of fact. Mr. Bailey has competent summary judgment evidence establishing that the Sheriff's Office responded based on a vindictive motive, not based on an actual concern.

(3) Comments on the Facebook Post. Defendants also point to the three comments on the Facebook post. These comments cannot be the basis for a reasonable inference that members of the public were in "sustained fear" or that a "serious disruption" had occurred. Two of those comments—"this is your fault", and "YOU MADE ME DO THIS"—were made by Mr. Bailey himself.[18]  Obviously Mr. Bailey could not cause himself to be in sustained fear. These two Facebook comments should therefore be ignored.

The third comment could not lead any reasonable law enforcement officer to conclude that the commentor was in "sustained fear." The comment merely states "I'm reporting you. I'm reporting you". Just as the purported complaint mentioned above, there is no context to this comment. No indication is provided as to the nature of the report or who the report is being made to. According to Professor Paul Barrett of New York University, more than three million items are

---

[17] *Id*. at 17:21-25.
[18] See Ex. "B", ¶¶ 2-4 (affidavit of Waylon Bailey).

reported per day on Facebook.[19] Quite simply, reporting a Facebook post is not evidence that one is in "sustained fear."

Mr. Iles admitted that he did not know the intent of the individuals who made the Facebook comments. When asked whether the Facebook commentors were "serious or just joking around," Mr. Iles responded "I don't know what their intent was, no."[20] No reasonable law enforcement officer could infer that a person was in "sustained fear" based on the comment "I'm reporting you. I'm reporting you[.]"

In sum, Defendants have no evidence that Mr. Bailey caused (a) one or more persons be in "sustained fear"; (b) an evacuation of a building, a public structure, or a facility of transportation occurred; or (c) that a "serious disruption" occurred.

### D.    No Reasonable Officer Would Have Arrested Mr. Bailey Without Evidence in Support of an Element of the Criminal Offense

"The right to be free from arrest without probable cause is a clearly established constitutional right" for qualified immunity purposes. *Westfall v. Luna*, 903 F.3d 534, 542 (5th Cir. 2018) (quoting *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994)). The focus is on what a "reasonable officer" would conclude, not the individual officer's subjective beliefs. See *Westfall*, 903 F.3d at 544–45.

The Supreme Court has explained that, in obvious cases, the standards for the Fourth Amendment can "clearly establish" the answer, even without a body of relevant case law. *Brosseau v. Haugen*, 543 U.S. 194, 199, 125 S. Ct. 596, 599, 160 L. Ed. 2d 583 (2004). Further, the Supreme

---

[19] Barret, Paul M, New York University Stern Center for Business and Human Rights, June 2020, *Who Moderates the Social Media Giants? A Call to End Outsourcing* https://issuu.com/nyusterncenterforbusinessandhumanri/docs/nyu_content_moderation_report_final_version?fr=sZWZmZjI1NjI1Ng page 4 ("On Facebook alone, more than three million items are reported on a daily basis by AI systems and users as potentially warranting removal.").
[20] R. Doc. 16-7, Iles depo, 36:12-17.

Court does not require a case directly on point when existing precedent has placed the statutory or constitutional question beyond debate. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

In *Davidson v. City of Stafford, Texas*, the Fifth Circuit found that the officers' actions in arresting the plaintiff were objectively unreasonable based on the text of the law. 848 F.3d 384, 392-93 (5th Cir. 2017), *as revised* (Mar. 31, 2017). The court also looked at state law and federal court opinions, but it stated that said case law "further supports our holding," which clearly evidences that the holding was based on the text of the law and the cases cited by the court merely buttressed the court's decision. In evaluating the cases that buttressed its decision, the *Davidson* court also looked to state court opinions. *Id*. at 393. Thus, just as in *Davidson*, it would be proper for this Court to evaluate state court opinions on La. R.S. 14:40.1.

An example of a court denying qualified immunity when the law is "beyond debate" is evidenced by *Erie v. Hunter*, where the plaintiff sued under § 1983 after he was forced to attend a religious service at a state-run psychiatric hospital. U.S.D.C. for the M.D. of La., Case No. 21-00267, R. Doc. 13, p. 1-2.[21] The plaintiff pointed out, and Honorable Judge Jackson agreed, that the Supreme Court had directly spoken to the issue of whether an individual can be forced to attend church against their will. *Id*. at pp. 6-7. The defendant argued that the claim should nevertheless be dismissed because the plaintiff failed to identify "any case with the same, or even similar, factual context to the case at hand[.]" *Id*. at pp. 13-14. The Court quickly disposed of this argument, identifying that that a directly equivalent case is not required when the constitutional question is "beyond debate." *Id*. at p. 15.

It was objectively unreasonable to arrest Mr. Bailey when there was no evidence in support of one of the elements of the crime of terrorizing. It is "beyond debate" that probable cause requires

---

[21] Exhibit "C."

some evidence in support of the elements of the crime. And it is beyond debate that La. R.S. 14:40.1 requires that a criminal defendant have caused sustained fear, evacuation of a building, or serious public disruption. The requirements of La. R.S. 14:40.1 are established both by the text of the law, and by binding Louisiana precedent. The Louisiana Supreme Court has explained that La. R.S. 14:40.1 requires sustained fear, evacuation of a building, or serious public disruption. *State ex rel. RT*,  2000-0205 (La. 2/21/01), 781 So. 2d 1239, 1242; see also, *State ex rel. J.S.*, 2000-2514 (La. App. 1 Cir. 2/16/01), 808 So. 2d 459, 462.

The absence of a § 1983 opinion under identical circumstances is of no moment. There was no evidence to suggest that Mr. Bailey caused sustained fear, evacuation of a building, or serious public disruption. At his deposition, Mr. Iles admitted that there is no evidence that Mr. Bailey caused (a) one or more persons be in "sustained fear"; (b) an evacuation of a building, a public structure, or a facility of transportation; or (c) caused a "serious disruption" to the public. Despite the complete absence of evidence in support of an element of the crime, Mr. Iles nonetheless arrested Mr. Bailey from the crime of terrorizing.

Mr. Iles is not entitled to qualified immunity and summary judgment should be granted in favor of Mr. Bailey.

### E.     Mr. Bailey's First Amendment Claim Rises or Falls with His Fourth Amendment Claim.

Defendants argue that, if they had probable cause to arrest Mr. Bailey, then his First Amendment claim fails as well. Defendants are correct. To prevail on a First Amendment retaliation claim, a plaintiffs must plead and prove the absence of probable cause. *Nieves v. Bartlett*, ⸺ U.S. ⸺, 139 S. Ct. 1715, 1725 (2019).

If this Court concludes that there was an absence of probable cause, Mr. Bailey's First Amendment retaliation claim should be permitted to proceed. If this Court finds that there was probable cause for the arrest of Mr. Bailey, then his First Amendment retaliation claim fails.

**F.      There Was No Probable Cause That Mr. Bailey Committed "Attempted Terrorizing."**

In its brief, Defendants make a cursory argument that, even if there wasn't evidence that Mr. Bailey had committed the crime of terrorizing, there was at least probable cause to arrest Mr. Bailey for "attempted terrorizing." However, other than their conclusory statement that there was probable cause for "attempted terrorizing," Defendants make no effort to show how or why there was probable cause to arrest Mr. Bailey on "attempted terrorizing." As is shown below, an "attempt" charge requires "specific intent" (*i.e.*, **actual desire**) to cause the prohibited outcome. Mr. Iles did not have evidence establishing that there was a "substantial chance" that Mr. Bailey actually desired to cause sustained fear, evacuation of a building, or a serious public disruption. No reasonable officer would have arrested Mr. Bailey for "attempted terrorizing."

In *State ex rel. R.T.*, the Louisiana Supreme Court indicated that the terrorizing statute made the crime dependent on causing actual fear or creating a condition of public disruption. 2000-0205 (La. 2/21/01), 781 So. 2d 1239, 1242. This standard is also supported by *State ex rel. J.S.*, 00–2514 (La.App. 1 Cir. 2/16/01), 808 So.2d 459, where the First Circuit reversed the terrorizing adjudication after finding that there was no evidence that the writing in that case caused any sustained fear or serious disruption.

An attempt to commit a crime is defined by LSA–R.S. 14:27 as follows:

> A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

Specific intent to commit a crime is an element of an attempted offense. Thus, in order to convict for an attempted offense, there must be sufficient proof that the offender actually desired to cause the proscribed criminal consequences to follow his act or failure to act and that the offender committed or omitted an act for the purpose and tending directly toward the accomplishing of his object. LSA–R.S. 14:10; *State v. Williams*, 593 So.2d 753 (La.App. 5 Cir.1992); *State v. Bonck*, 613 So. 2d 1125, 1129 (La. Ct. App.), *writ denied*, 620 So. 2d 840 (La. 1993) (same).

Here, there was never any evidence—much less evidence rising to the level of a substantial chance—that Mr. Bailey had the "specific intent" (*i.e.*, **actually desired**) to cause (a) one or more persons to be in "sustained fear;" (b) evacuation of a building; or (c) serious public disruption.

Mr. Iles did not have any evidence from which he could conclude that Mr. Bailey actually desired to cause sustained fear, evacuation of a building, or a serious public disruption. Mr. Iles looked at the Facebook post and agreed that it contained the hashtag #weneedyouBradPitt.[22] Mr. Iles described a hashtag as "like a PS, like a postscript."[23] This is consistent with what Mr. Bailey told Mr. Iles, specifically, that he intended the post as a joke. Mr. Bailey never stated he intended to cause fear, evacuation, or public disruption.

Nor did Mr. Iles have any other sources to draw from as to Mr. Bailey's specific intent. Mr. Iles did not recover any evidence in the form of emails, text messages, or instant messages. Mr. Iles did not collect any witness statements that establish that Mr. Bailey intended to cause "sustained fear" or "public disruption".

Mr. Iles stated at his deposition that it was his belief the post was intended "to get police officers hurt." All Mr. Iles had was a post to social media where Mr. Bailey stated that the Rapides

---

[22] R. Doc. 16-7, Iles Depo, at 27:12-28:2.
[23] *Id*. at 28:5-8.

Parish Sheriff's Office had ordered its deputies to shoot "the infected," and containing the hashtag "#weneedyoubradpitt."[24] Mr. Iles had no evidence to corroborate his purported belief that the post was intended to get police officers hurt.[25]  Mr. Iles' belief is nothing more than a self-serving a hunch, guess, or speculation, and this does not constitute probable cause. *Richard*, 8 So. 3d at 517; *McCurdy*, 240 F.3d at 519. Mr. Iles did not have probable cause that Mr. Bailey had committed "attempted terrorizing." Further, no reasonable officer would have concluded that there was a "substantial chance" that Mr. Bailey actually desired to cause sustained fear, evacuation of a building, or a serious public disruption.

### G.    Mr. Iles Committed Malicious Prosecution Against Mr. Bailey.

Defendants argue that Mr. Bailey's malicious prosecution claim fails because there is allegedly "no evidence" of the commencement or continuance of an original criminal proceeding. In support, Defendants cite the case of *Dyas v. Shreveport Police Dept.*, 48, 804 (La. App. 2 Cir. 2014), 136 So. 3d 897, *writ denied*, 159 So.3d 1055 (La. 2015). However, in that case, there was no evidence that the officer ever completed and filed a Probable Cause affidavit. Instead, the plaintiff was simply "charged" with murder and the charges were later dismissed.

---

[24] The outlandish nature of the post, the reference to a science fiction movie, and the hashtag cannot be ignored. *Bigford*, 834 F.2d at 1218.

[25] Other than his testimony, there is no evidence that, at the time of the arrest, Mr. Iles believed that Mr. Bailey's post was "intended to cause police to get hurt." Mr. Iles completed a Probable Cause Affidavit and, in this affidavit, he merely stated that Mr. Bailey "put up a Facebook Post that Rapides Parish Sheriff's Office has orders to 'shoot on sight' due to the Corona Virus outbreak[.]" Mr. Iles did not state in his affidavit that Mr. Bailey *intended* to cause the police to get shot. Only when asked at a deposition—in a lawsuit in which he is a named defendant—did Mr. Iles add that he believes Mr. Bailey's intent was to cause "to get police officers hurt."

Furthermore, it does not make any sense to conclude that a Facebook post claiming that the police were going to shoot the infected would end up hurting the police officers. Such a scenario is wildly tenuous. In such a scenario, a member of the public would have to have seen Mr. Bailey's Facebook post, believed it to be true, been infected with COVID-19, then come across a police officer, and decide to pre-emptively attack the police officer because he/she thought the police officer was going to pre-emptively attack them. This scenario is ridiculous.

Here, by completing the Probable Cause affidavit, Mr. Iles completed an affirmative step in furtherance of the prosecution of Mr. Bailey. As such, Mr. Bailey's malicious prosecution claim should be permitted to proceed.

Defendants also argue that Mr. Iles acted without malice and that, at worst, he "misread a statute." But the dismissal of charges by the district attorney prior to trial raises a presumption of malice and a presumption of no probable cause, satisfying a plaintiff's pleading burden. *Cf. Gordy v. Burns*, No. CIV. A. 99-0698, 2000 WL 798499, at *4 (E.D. La. June 20, 2000) (denying motion for summary judgment where presumption existed and defendants failed to present any evidence to overcome it). Further, the Louisiana Supreme Court held in 2015 that a *nolle prosequi* suffices as a bona fide termination for the purposes of a malicious prosecution claim. *Durant v. Gretna City*, No. CV 19-147, 2020 WL 263669, at *30 (E.D. La. Jan. 17, 2020), *aff'd sub nom. Durant v. Brooks*, 826 F. App'x 331 (5th Cir. 2020) (quoting *Lemoine v. Wolfe*, 2014-1546 (La. 3/17/15), 168 So. 3d 362, 370).

Mr. Bailey's malicious prosecution claim should be permitted to proceed.

**H.    <u>There is No Material Dispute that Mr. Iles Committed False Arrest.</u>**

Defendants argue that, if there was probable cause for the arrest of Mr. Bailey, then his False Arrest claim fails as well. This is correct as probable cause is an "absolute defense" to a False Arrest claim under Louisiana law. *McMasters v. Dep't of Police*, 2013-0348 (La. App. 4 Cir. 5/15/15), 172 So. 3d 105, 116, *writ denied*, 2015-1159 (La. 9/18/15), 178 So. 3d 151

Notably, however, there is no "qualified immunity" to a state law False Arrest claim. Therefore, even if Mr. Bailey's Section 1983 claim were to fail due to qualified immunity, his False Arrest claim should still proceed.

I.     __Mr. Bailey's Claim for Punitive Damages Should Not be Dismissed.__

Defendants argue that Mr. Bailey's claim for punitive damages against Mr. Iles should be dismissed because "Bailey can show no facts that would tend to establish that Iles harbored any ill-will or was reckless or callous as to Bailey's rights."[26] The award of punitive damages is consistent with the purpose of § 1983 where such an award will act to deter future egregious conduct in violation of constitutional rights. *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 1628, 75 L.Ed.2d 632 (1983); *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). In *Smith*, the Court clarified the standard for awarding punitive damages, holding that such damages could be assessed when the defendant's conduct involved reckless or callous indifference to the federally protected rights of others. *Id*. 103 S.Ct. at 1640.

There is ample evidence that Mr. Iles's conduct involved reckless or callous indifference to Mr. Bailey's federally protected rights. *First*, there is evidence that the Rapides Parish Sheriff's Office was acting on a vindictive motive. For this, please see the discussion, *Supra*, at pages 7-8. A reasonable inference can be drawn that Mr. Bailey was arrested so that he would be "taught a lesson" not to "fuck with" the police.

*Second*, even if Mr. Iles wasn't acting with a vindictive motive, Mr. Iles certainly acted in a reckless and indifferent matter to Mr. Bailey's federal rights. Mr. Iles was not obligated to make a "split second" decision. After a cursory interview, and review of one Facebook post containing a reference to a science fiction movie, Mr. Iles decided to arrest Mr. Bailey for "terrorizing." Mr. Iles did not speak to any witnesses; he did not have any victims; and he wasn't aware of any disruptions that had occurred because of Mr. Bailey's post. Arresting Mr. Bailey based on nothing

---

[26] R. Doc. 20-1, p. 19.

more than speculation, guesswork, or a "hunch" is reckless and demonstrates callous indifference to Mr. Bailey's First and Fourth Amendment rights.

Accordingly, Mr. Bailey should be permitted to pursue punitive damages at the trial of this action.

**J.** **Conclusion.**

Accordingly, for the reasons stated above, and as further explained in Mr. Bailey's own motion for partial summary judgment, there is no material dispute that Mr. Bailey's rights were violated, and no reasonable officer would have arrested Mr. Bailey for the criminal offense of terrorizing. Summary judgment should be granted in favor of Mr. Bailey and against Defendants.

Respectfully Submitted,

/s/ Garret S. DeReus
**Garret S. DeReus**

BIZER & DeREUS, LLC
Attorneys for Plaintiff
Andrew D. Bizer, Esq. (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus, Esq. (LA # 35105)
gdereus@bizerlaw.com
Emily Westermeier, Esq. (LA # 36294)
ewest@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record on March 28, 2022, by ECF filing.

By:/s/ Garret S. DeReus