UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WAYLON BAILEY,<br><br>        Plaintiff,<br><br>v.<br><br>RANDELL ILES, in his individual capacity; and SHERIFF MARK WOOD, in his official capacity as a public entity;<br><br>        Defendants. | CIVIL ACTION NO. 1:20-cv-01211<br><br>JUDGE DAVID C. JOSEPH<br><br>MAG. JUDGE PEREZ-MONTES |

**PLAINTIFF'S MEMORANDUM AS TO THE ISSUES IN DISPUTE**

"The law-of-the-case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case.' " *United States v. Castillo*, 179 F.3d 321, 326 (5th Cir.1999) (quoting *Arizona v. California*, 460 U.S. 605 (1983)). Therefore, "an issue of ... law decided on appeal may not be reexamined by the district court on remand or by the appellate court on a subsequent appeal." *United States v. Lee*, 358 F.3d 315, 320 (5th Cir.2004) (citation and internal quotation marks omitted). The doctrine generally prevents reexamination of issues of law or fact decided on appeal "either by the district court on remand or by the appellate court itself on a subsequent appeal." *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 750 (5th Cir.1985).

In *Pubali Bank v. City Nat. Bank*, the Ninth Circuit explained as follows:

> "When, as in this case, the plaintiff moves on remand for summary judgment, the trial judge may decide the motion in accordance with the law of the case, based on the appellate conclusions, if no evidence that affects the appellate ruling is offered in opposition to the summary judgment. *United States v. United States Gypsum Co.*, 340 U.S. 76, 86, 71 S.Ct. 160, 168, 95 L.Ed. 89 (1950). The trial court cannot grant the motion solely in reliance on the appellate holdings; it must examine whatever materials the

1

> defendant presents in opposition to the summary judgment. If that material produces no new evidence and evinces no factual dispute, the resolution of which might change the law applied by the appellate court, the trial court should enter judgment for the plaintiff as a matter of law. *See id*.

777 F.2d 1340, 1342 (9th Cir. 1985)

The burden of proof for overcoming a qualified immunity defense at the summary judgment stage rests upon the plaintiff. *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992); *Bazan ex rel. Bazan v. Hidalgo Cty.*, 246 F.3d 481, 490 (5th Cir. 2001). That is, the plaintiff bears the burden of establishing that the facts show (1) the defendants violated one of plaintiffs' constitutional rights and (2) the right was "clearly established" at the time of the alleged misconduct. *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009); accord *Saucier v. Katz*, 533 U.S. 194 (2001).

In this case, Mr. Bailey appealed to the Fifth Circuit Court of Appeals. One of the issues was that of qualified immunity. In its lengthy ruling, the Fifth Circuit unequivocally decided the following issues of law: (1) that Mr. Bailey's Facebook post was protected speech, (2) that Mr. Bailey's First and Fourth Amendment rights were clearly established, (3) that there was no probable cause for the arrest of Mr. Bailey, (4) that Mr. Bailey's First and Fourth amendment rights were violated, and (5) that Defendant Iles is not entitled to qualified immunity because his actions were "objectively unreasonable."

The Fifth Circuit did not state that the facts were merely sufficient to create a genuine dispute of material fact. Instead, the Fifth Circuit determined that Mr. Bailey's rights were violated, and that Defendant Iles is not entitled to qualified immunity. See *Bailey v. Iles*, No. 22-30509, 2023 WL 8062239, at *8 (5th Cir. Nov. 21, 2023) ("Bailey's Facebook post was protected by the First Amendment."); *see also*, at *7 (as to Fourth Amendment claim "Having determined that there was no actual probable cause for the arrest, we hold that Iles is not entitled to qualified immunity

2

because he was 'objectively unreasonable' in believing otherwise."); *see also*, at *9 (as to First Amendment claim "Bailey has shown that Iles is not entitled to qualified immunity as to the First Amendment claim. … Thus, when Iles arrested Bailey, he violated Bailey's clearly established First Amendment right to engage in speech even when some listeners consider the speech offensive, upsetting, immature, in poor taste, or even dangerous.").

That no further liability fact finding by a jury is necessary can also be gleamed from the Fifth Circuit's assessment of Defendants' "best day" in Court. Specifically, the Fifth Circuit explained that, even if the Facebook post at issue were "taken seriously," there simply isn't sufficient substance to the post for it to supply probable cause:

> "Even if the post were taken seriously, it is too general and contingent to be a specific threat that harm is 'imminent or in progress.' Nor would a reasonable person believe, based on these facts, that Bailey acted with the requisite 'specific intent' to cause sustained fear or serious public disruption. *Lewis*, 43 So. 3d at 985."
>
> *Id*. at *6.

The Fifth Circuit also explained that Defendant Iles' subjective belief that the post was meant to get police officers hurt could not supply probable cause. *Id*. ("because probable cause is an objective standard, Iles' subjective belief that the post "meant to get police officers hurt" cannot supply probable cause"). As the Fifth Circuit pointed out, the determination of probable cause is a legal question. *Id*. at *5 (" '[T]he ultimate determination of whether there is probable cause for the arrest is a question of law we review de novo.' ").

Nor are there any material facts in dispute that could change the outcome. Of the "background facts" that the Fifth Circuit summarized in its opinion, only two of those facts appear to be in dispute, and only one of these two facts were mentioned by the Fifth Circuit outside of the

3

"background facts" section of the opinion.[1] This further suggests that the Fifth Circuit's ruling spoke to the issue of liability and that there is no evidence Defendants could present at trial that would result in a legally correct ruling in favor of Defendants as to liability.

Nor is Plaintiff's concern academic. If the jury is permitted to examine the issues already decided by the Fifth Circuit, there is the material risk of a verdict inconsistent with the Fifth Circuit's ruling. A verdict inconsistent with the Fifth Circuit's ruling would prolong this case and would result in additional expenditure for Plaintiff and Defendants.

To reach its conclusion, the Fifth Circuit conducted statutory analysis and reviewed a plethora of cases and historical precedent. It would be error for a jury to attempt to "second guess" the legal analysis conducted by the Fifth Circuit. Considering the law of the case doctrine, and given the definitiveness of the Fifth Circuit's ruling, Plaintiff respectfully requests that the Court hold that the only issue in dispute is the quantum of damages.

| **CERTIFICATE OF SERVICE** | Respectfully Submitted, |
|---|---|
| I hereby certify that the foregoing pleading has been delivered to all counsel of record on December 11, 2023, by ECF filing.<br><br>By:/s/ Garret S. DeReus<br>**Garret S. DeReus** | /s/ Garret S. DeReus<br>BIZER & DEREUS, LLC<br>Garret S. DeReus (LA # 35105)<br>gdereus@bizerlaw.com<br>Andrew D. Bizer (LA # 30396)<br>andrew@bizerlaw.com<br>3319 St. Claude Ave.<br>New Orleans, LA 70117<br>T: 504-619-9999; F: 504-948-9996 |

---

[1] The two "background facts" Plaintiff believes are in dispute are (1) the number of officers that approached Mr. Bailey and whether they had their weapons drawn; and (2) whether, "[w]hile Bailey was handcuffed, one of the deputies (not Iles) told him that the 'next thing [you] put on Facebook should be not to fuck with the police' and the deputies laughed."

Of these facts, the first wasn't discussed by the Fifth Circuit. As to the second, the Fifth Circuit explicitly stated that the outcome was the same regardless of the comment by the unnamed officer: "Regardless of the unnamed deputy's comment, Iles admitted that he arrested Bailey at least in part because of the content of his Facebook post, rather than for some other conduct, *i.e.* Iles admitted that the arrest was at least 'substantially motivated' by Bailey's speech." *Bailey v. Iles*, No. 22-30509, 2023 WL 8062239, at *8 (5th Cir. Nov. 21, 2023).