# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **WAYLON BAILEY** | **CIVIL NO.: 1:20-cv-01211** |
| **V.** | **JUDGE JOSEPH** |
| **RANDELL ILES,**<br>**IN HIS INDIVIDUAL CAPACITY**<br>**AND SHERIFF MARK WOOD,**<br>**IN HIS OFFICIAL CAPACITY**<br>**AS A PUBLIC ENTITY** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## PRETRIAL ORDER

| | |
|---|---|
| Trial Date: | Monday, January 22, 2024 |
| Pretrial Conference Date: | Friday, January 5, 2024 |
| Type of Trial: | Jury |
| Estimated Length of Trial: | __2-3__ days |

| Trial Attorney Attending: | Party/Claim Represented: |
|---|---|
| Garret S DeReus | Plaintiff |
| H. Bradford Calvit | Detective Randell Iles and Mark Wood, in his capacity as Sheriff of Rapides Parish |

**1.   Jurisdictional Basis**

This Court has jurisdiction over Mr. Bailey's claims of federal civil rights claim under 42 U.S.C. § 1983, which is enforceable in this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has supplemental jurisdiction over Mr. Bailey's state law claim as it arises from the same operative facts as Plaintiff's federal claim.

**2.     Claims and Responses**

<u>By Plaintiff:</u>

Plaintiff brings a claim against Defendant Iles under 42 U.S.C. § 1983 for violation of his rights under the First Amendment and the Fourth Amendment.

The law related to said claim is set forth in detail in the opinion of *Bailey v. Iles*, No. 22-30509, 2023 WL 8062239 (5th Cir. Nov. 21, 2023). Once Mr. Bailey establishes that Defendant Iles' arrest of Mr. Bailey was "substantially motivated by" his speech, Defendant Iles can only prevail if he can show that Mr. Bailey's speech was (1) "advocacy intended, and likely, to incite imminent lawless action"; or (2) a "true threat."

As to his Fourth Amendment claim, Mr. Bailey must prove that Detective Iles arrested him without probable cause. Probable cause exists when the facts and circumstances within the arresting officer's personal knowledge, or of which he has reasonably trustworthy information, are sufficient to occasion a person of reasonable prudence to believe an offense has been committed. Here, there are three elements, namely (1) whether Mr. Bailey communicated "false information intentionally," (2) conveyed that "circumstance dangerous to human life exists or is about to exist," and (3) whether Mr. Bailey had "specific intent . . . i.e., the intent to cause members of the general public to be in sustained fear for their safety, or to cause evacuation of a public building, a public structure, or a facility of transportation, or to cause other serious disruption to the general public."

It is Plaintiff's position that the Fifth Circuit's November 21 opinion was dispositive as to the issues of liability and, certainly, the legal issue of qualified immunity. The qualified-immunity issue "ordinarily should be decided by the court long before trial . . . ." *McCoy v. Hernandez*, 203

2

F.3d 371, 376 (5th Cir. 2000).

The remedies prayed for against Defendant Iles as to the § 1983 claim are damages (compensatory, nominal, and punitive) and attorneys' fees/costs. The issue of attorney's fees/costs is to be decided by the Court only in the event Plaintiff prevails.

Plaintiff also brings a state law claim against Defendants for false imprisonment. The tort of false imprisonment consists of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention. *Kennedy v. Sheriff of E. Baton Rouge*, 05-1418, p. 32 (La.7/10/06), 935 So.2d 669, 690. Additionally, as to Sheriff Mark Wood, Defendant Woods is responsible for any/all wrongful conduct committed by its employees pursuant to the doctrine of *respondeat superior*.

The remedy prayed for against Defendants as to the false imprisonment claim is compensatory damages.

By Defendants:

Generally, the Defendants claim that Iles had probable cause to arrest Bailey for violation of Louisiana's terrorizing statute based on the information known to Iles at the time of the arrest. Iles was directed by his supervisors to investigate a complaint involving Bailey's social media posts and determined, based on the facts known to him at the time of the arrest, that there was probable cause to believe Bailey had committed an offense in violation of La. R.S. §14:40.1. Accordingly, Bailey's arrest was based on probable cause and was not in violation of his rights under the First or Fourth Amendments. More specifically, the Defendants aver that Bailey's conclusory statements that his posts were merely a joke is insufficient to shield him from arrest under the statute at issue. Finally, qualified immunity applies to protect Iles from liability because

all reasonable officers in Iles' position would not have known that probable cause did not exist. It is submitted that the resolution of the Fourth Amendment claim will also resolve the state law claim for false arrest/imprisonment because there was probable cause to effect the arrest.

3. **Issues of Fact and Issue of Law**

- Whether, under the Law of the Case Doctrine, the issues related to liability have already been established.

- Whether, under the Law of the Case Doctrine, the issue of qualified immunity has already been resolved. The qualified-immunity issue "ordinarily should be decided by the court long before trial . . . ." *McCoy v. Hernandez*, 203 F.3d 371, 376 (5th Cir. 2000).

- The injuries sustained by Mr. Bailey and the appropriate quantum of damages (compensatory, nominal, and punitive).

- If liability is still at issue: Whether there was probable cause for the arrest of Mr. Bailey.

- If liability is still at issue: Whether Mr. Bailey's First and Fourth amendment rights were violated.

- If liability is still at issue: Whether Defendant Iles' arrest of Mr. Bailey was at least "substantially motivated" by Bailey's speech rather than some other conduct.

- If liability is still at issue: Whether Defendants can show that Mr. Bailey's speech was Bailey's speech incitement or a true threat.

- If liability is still at issue: Whether Defendants can show that Defendant Iles had probable cause to believe that Mr. Bailey had (1) communicated "false information

4

intentionally," (2) conveyed that "circumstance dangerous to human life exists or is about to exist," and (3) "specific intent . . . i.e., the intent to cause members of the general public to be in sustained fear for their safety, or to cause evacuation of a public building, a public structure, or a facility of transportation, or to cause other serious disruption to the general public."

By Defendants:

Contested Issues of Fact

1. Whether Iles reasonably believed the social media post at issue was not a "joke."

2. Whether there were sufficient facts and information at the time of Bailey's arrest to establish that probable cause existed for the arrest.

3. Whether Iles' arrest of Bailey under the Louisiana terrorism statute was lawful and supported by probable cause or arguable probable cause.

4. Whether Iles' actions were taken in good faith and objectively reasonable under the circumstances.

5. Whether Bailey sustained any compensable injury.

6. Whether Iles' conduct was motivated by evil motive or intent or was reckless or callously indifferent to Bailey's rights.

Contested Issues of Law:

1. Whether probable cause or arguable probable cause existed to arrest Bailey.

2. Whether Bailey's rights under the First and Fourth Amendment were violated.

3. Whether Bailey is entitled to qualified immunity.

4. Whether Bailey is entitled to any damages, compensatory, nominal or punitive.

    5.    What is the effect of the Fifth Circuit's reversal of the grant of Defendants' Motion for Summary Judgment.

**4.**   **Stipulations**

    A.    Randell Iles was within the course and scope of his employment with former Sheriff William Earl Hilton at all times pertinent hereto.

    B.    Randell Iles was acting under color of law at all times pertinent hereto.

**5.**   **Will Call Witnesses**

Plaintiff's "Will Call" Witnesses

    1.    Waylon Bailey (Plaintiff), 37 Paul Cemetery Road, Forest Hill, LA 71430, p. 318-664-0216.

Summary of information: Mr. Bailey has information concerning all factual aspects of this matter in his personal experience, his interactions with Defendants and their agents and employees, the injuries he experienced, the arrest he experienced, and the harms he suffered as a result of the Defendants' wrongful conduct.

    2.    Brittany Fetter Bailey, 3281 Highway 112, Forest hill, Louisiana, 71430, +1 (318) 787-1368.

Summary of information: Ms. Fetter was Mr. Bailey's fiancé (and is now his wife). She has information concerning all factual aspects of this matter in her personal experience, including Mr. Bailey's arrest, the injuries suffered by Mr. Bailey as a result of Defendants' wrongful conduct, and the harm caused by Defendants' wrongful conduct, Mr. Waylon Bailey's intentions, his Facebook postings and comedic style online, etc.

    3.    Matthew Thomas Mertens, 3426 RIGOLETTE ROAD, PINEVILLE,

LOUISIANA 71360, 318-321-7036.

Summary of Information: Mr. Mertens is expected to testify consistent with his deposition testimony. Plaintiff's counsel will likely ask Mr. Mertens about the context and reason for the Facebook posting exchange between himself and Mr. Bailey.

    4.    Detective Randell Iles, c/o H. Bradford Calvit, Provosty, Sadler, & deLaunay, APC, 934 Third Street, Suite 800, Alexandria, LA 71301.   Tel.: 318-767-3133.

Summary of information: Detective Iles participated in the investigation of Mr. Bailey and effectuated his arrest. He will be asked about his factual narrative, the information he collected at the time of his arrest of Mr. Bailey, and whether he effectuated the arrest of Mr. Bailey.

Defendants' "Will Call" Witnesses

    1.    Deputy Randell Iles - Iles was the arresting deputy and will testify concerning the facts and circumstances that led to his arrest of Bailey.

    2.    Waylon Bailey - on cross.

## 6.  May Call Witnesses

Plaintiff's "May Call" Witnesses

    1.    William Bailey, 37 Paul Cemetery Rd., Forestville, LA 71430, p. 318-664-1418

Summary of information: Mr. William Bailey saw some or all of Mr. Waylon Bailey's arrest. Mr. William Bailey may be aware of Mr. Waylon Bailey's intentions, his Facebook postings and comedic style online, Mr. Waylon Bailey's lack of Facebook posting after the incident at issue, the mental and physical impact of the incident on Mr. Waylon Bailey, etc.

    2.    Belton Bailey, 237 Paul cemetery road, Forest hill, Louisiana, 71430, p. 318-664-7815

Summary of information: Mr. Bailey's father may have knowledge of Mr. Waylon Bailey's lack of Facebook posting after the incident at issue, the mental and physical impact of the incident on Mr. Waylon Bailey, the effect of the wrongful arrest on Mr. Waylon Bailey's employment, and the effect of the incident on Mr. Bailey's reputation at his work and in his community.

Defendants' "May Call" Witnesses

1. Sheriff Wood - may be called to establish Iles was a commissioned deputy at all times pertinent hereto

2. Dr. Broussard – Bailey's treating physician, may be called to testify to all of his care and treatment of Waylon Bailey – Freedman Clinic Internal Medicine, L.L.P., 1337 Centre Court, Alexandria, LA 71301

**7. Exhibits**

Joint Exhibits

A. Mr. Bailey's Medical Records From Dr. Broussard.

B. Four news articles on the arrest of Mr. Bailey.

C. Facebook Post by Rapides Parish Sheriff's Office concerning the arrest of Mr. Bailey.

D. Waylon Bailey recorded statement.

E. Three-page Rapides Parish Sheriff's Office Report.

F. Booking Card.

G. Four-page capture of Mr. Bailey's Facebook post by Detective Iles.

H. Rapides Parish Sheriff's Department Arrest / Booking Sheet.

I. Affidavit of Probable Cause for Arrest without a Warrant.

Plaintiff's Exhibits

Defendants' Exhibits

**8. Objections to Witness and Exhibit Lists**

**9. Counsel Affirmations**

a. Counsel are aware that exhibits are to be published to the jury by use of the Visual Presenter or a portable data storage device (e.g., flash drive, CD-ROM, etc.) unless consent of this Court is obtained upon a showing of impracticality or prejudice.

b. Counsel for Defendants are familiar with the operation of the electronic equipment available in the courtroom. Counsel for the parties will be instructed on the Courtroom equipment following the pretrial conference on Friday, January 5, 2024.

c. No disability accommodations are needed in this case.

    Respectfully Submitted:

    **BIZER & DeREUS, LLC**

    By: /s/Garret S. DeReus
    Garret S. DeReus (#35105)
    gdereus@bizerlaw.com
    Andrew D. Bizer (#30396)
    andrew@bizerlaw.com
    3319 S. Claude Avenue
    New Orleans, LA 70117
    P: 504/619-9999 F: 504/948-9996
    ATTORNEYS FOR DEFENDANT, WAYLON BAILEY

And

**PROVOSTY, SADLER & deLAUNAY, APC**

By: /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
ELI J. MEAUX (#33981)
emeaux@provosty.com
934 Third Street, Suite 800
P.O. Box 13530
Alexandria, LA 71315-3530
P: 318/767-3133   F: 318/767-9650
ATTORNEYS FOR DEFENDANTS,
RANDELL ILES and SHERIFF MARK WOOD,
IN HIS OFFICIAL CAPACITY

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Pretrial Order was filed electronically with the Clerk of Court using the CM/ECF system and has been served upon counsel for all parties to this proceeding via electronic filing notification, facsimile, and/or first class United States mail, properly addressed, postage prepaid, at the last known address.

Signed at Alexandria, Louisiana, on this 22nd day of December, 2023.

/s/H. Bradford Calvit
(Signature of counsel)