## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

**WAYLON BAILEY**                                  **CASE #: 1:20-CV-01211-DCJ-JPM**

**V.**                                             **JUDGE DAVID C JOSEPH**

**RANDELL ILES,**                                  **MAG. JUDGE JOSEPH**
**IN HIS INDIVIDUAL CAPACITY**                     **PEREZ-MONTES**
**AND SHERIFF MARK WOOD,**
**IN HIS OFFICIAL CAPACITY**
**AS A PUBLIC ENTITY**

## <u>PROPOSED JURY INSTRUCTIONS</u>

Now come Plaintiff, Waylon Bailey, and Defendants, Randell Iles, in his individual capacity, and Sheriff Mark Wood, in his official capacity, who provide the following jury instructions. For pages 2 through 9, the instructions are joint and neither party objects. On pages 10 through 19, Plaintiff's proposed instructions are provided, with objections/responses by Defendants. On pages 20 through 27, Defendants' proposed instructions are provided, with objections/responses by counsel for Mr. Bailey.

—————————————

1

**JOINT JURY INSTRUCTION NO. 1:**

5th Cir. Pattern 1.1 - Instructions for Beginning of Trial

**JOINT JURY INSTRUCTION NO. 2:**

5th Cir. Pattern 1.2 - Preliminary Instructions to Jury

**JOINT JURY INSTRUCTION NO. 3: Duties of the Jury**

In defining the duties of the jury, let me first give you a few general rules:

You have been chosen from the community to make a collective determination of the facts in this case. What the community expects of you, and what I expect of you, is the same thing that you would expect if you were a party to this suit: An impartial deliberation and conclusion based upon all the evidence presented in this case and on nothing else.

This means you must deliberate on this case without regard to sympathy, prejudice, or passion for or against any party to this suit. This means the case should be considered and decided as an action between persons of equal standing in the community. All persons stand equally before the law and are to be dealt with as equals in a court of justice.

Above all, the Community wants you to achieve justice, and your success in that endeavor depends upon the willingness of each of you to seek the truth as to the facts from the same evidence presented to all of you and to arrive at a verdict by

applying the same rules of law as I give them to you.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.   You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

You are required by the law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom.   You may not be influenced by passion, prejudice, or sympathy you might have for the Plaintiff or the Defendant, in arriving at your verdict.

**JOINT JURY INSTRUCTION NO. 4:**

5th Cir. Pattern 2.3 - Stipulations of Fact

**JOINT JURY INSTRUCTION NO. 5:**

If there is publicity about this trial, you must ignore it.    You must decide this

case only from the evidence presented in the trial.    Do not read anything or listen to any TV or radio programs about the case.

### **JOINT JURY INSTRUCTION NO. 6:**

5th Cir. Pattern 2.2 - Stipulated Testimony

### **JOINT JURY INSTRUCTION NO. 7:**

5th Cir. Pattern 2.6 - Limiting Instruction

### **JOINT JURY INSTRUCTION NO. 8:**

5th Cir. Pattern 2.11 - Impeachment by Witness's Inconsistent Statements

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**JOINT JURY INSTRUCTION NO. 9:**

5th Cir. Pattern 2.15 - Law-Enforcement Officer Testimony

**JOINT JURY INSTRUCTION NO. 10:**

5th Cir. Pattern 3.1 - Jury Charge

**JOINT JURY INSTRUCTION NO. 11:**

5th Cir. Pattern 3.2 - Burden of Proof: Preponderance of The Evidence

In a civil action such as this, each party asserting a claim has the burden of proving every essential element of his claim by a "preponderance of the evidence." To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Mr. Bailey has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

**JOINT JURY INSTRUCTION NO. 12:**

5th Cir. Pattern 3.4- Witnesses

**JOINT JURY INSTRUCTION NO. 13:**

5th Cir. Pattern 3.6 No Inference from Filing Suit

**JOINT JURY INSTRUCTION NO. 14:**

5th Cir. Pattern 3.7 (Using either Alt. 1 or Alt. 2) - Duty to Deliberate; Notes

**JOINT JURY INSTRUCTION NO. 15:**

5th Cir. Pattern 10.2 (Stipulated under color of law) - Under Color of Law

**JOINT JURY INSTRUCTION NO. 16:**

5th Cir. Pattern 10.13 - Emotional Distress Damage

**JOINT JURY INSTRUCTION NO. 17:**

5th Cir. Pattern 15.6 - Nominal Damages

**JOINT JURY INSTRUCTION No. 18: CLOSING INSTRUCTIONS**

This completes my remarks on the law applicable to the case.   Remember, I told you at the beginning of the trial that you were not to discuss the case among yourselves.   I now remove that restriction.   It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts.

Remember that your verdict must be based solely on the evidence in the case, not on anything else.

6

Remember also that opening statements, closing arguments, or other statements or arguments of counsel are not evidence.  If your recollection of the facts differs from the way counsel has stated them, then your recollection controls.

When you go into the jury room to deliberate, the first thing you need to do is elect a Foreperson who will preside over the deliberations and be your spokesperson here in court.  After you have reached a unanimous agreement on a verdict, the Foreperson will fill in the jury verdict form, which has been prepared for you, and ensure that each of you has signed and dated the bottom of the jury form.  After that, you will return with it to the courtroom.

You are being asked to answer certain questions, from which answers your verdict will be determined.  Your verdict on each question must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form. Each of you will sign and date the form. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me or ask me a question during your deliberations, the jury foreperson should write the question or communication and give it to the Court Security Officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom in the presence of

the parties and their attorneys. Keep in mind, however, that no member of the jury should ever attempt to communicate with the Court except by a signed writing, and the Court will not communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open Court.   Bear in mind that you are not to disclose to anyone--not even the Court--how the jury stands, numerically or otherwise, on the questions you must decide, until after you have reached a unanimous verdict or have been discharged.

Finally, let me remind you again that you represent the community in the determination of this dispute.   The community appreciates your service on this jury, and, at the same time, expects you to reach a fair and impartial verdict.

The Court must allow the parties an opportunity to address some procedural matters.   This will take only a few minutes.   The verdict form and a copy of the jury instructions will be gathered up and brought to you in the jury room. The exhibits that have been introduced into evidence will be made available electronically, and Ms. Causey will instruct you how to access them. When you have reached your verdict, please sign and date the verdict form and have the foreperson notify the Court Security Officer that you have reached a verdict.

You may now proceed to the jury room, but do not select a jury foreperson and begin deliberations until the Court Security Officer gives you the OK to begin.

The verdict forms and one copy of these instructions will be brought to you. Please ensure that you bring both documents back to the courtroom after you have reached a verdict.

———————————————

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

## Plaintiff Jury Instruction No. 1: Evidence[1]

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Circumstantial evidence is proof of a chain of circumstances from which you could infer or conclude that a fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence.

The word "infer," or the expression, "to draw an inference," means to find that a fact exists, based on proof of another fact.   For example, if you see water on the street outside your window, you can infer that it has rained.   In other words, the fact

---

1 *See* Fifth Circuit Pattern Instruction 3.3, with addition by Plaintiff's counsel.

of rain is an inference that could be drawn from the presence of water on the street. Other facts may, however, explain the presence of water without rain. Therefore, in deciding whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense and experience. After you have done that, the question whether to draw a particular inference is for the jury to decide.

The fact that a person brought a lawsuit and is in court seeking damages, creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

OBJECTION – Pattern Jury Instruction 3.3 is sufficient.

RESPONSE: What it means to "infer" or to "draw an inference" are specific topics and deserve an explanation from the Court. The latter half of this instruction is drawn from an instruction provided to a jury by Judge deGravelles in the ADA and 1983 civil case of *Mealey v. the City/Parish of East Baton Rouge*, Action No. 16-716-JWD_RLB.

**Plaintiff Jury Instruction No. 2: Deciding What Testimony to Believe**

In deciding what the facts are, you must consider all the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe.

11

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

OBJECTION – Pattern Jury Instruction 3.4 is sufficient.

RESPONSE: This instruction provides information for the jury to use in performing their credibility determination and judging the truthfulness of witnesses. This instruction is more detailed and illustrative than Instruction 3.4 alone. Further, this instruction is drawn verbatim from an instruction provided to a jury by Judge deGravelles in the ADA and 1983 civil case of *Mealey v. the City/Parish of East Baton Rouge*, Action No. 16-716-JWD_RLB.

**Plaintiff Jury Instruction No. 3: COMPENSATORY DAMAGES[2]**

[IF YOU FIND THAT PLAINTIFF HAS PREVAILED ON ONE OR MORE OF HIS CLAIMS, THEN] YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR ALL OF PLAINTIFF'S DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES.

THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE PLAINTIFF WHOLE—THAT IS, TO COMPENSATE PLAINTIFF FOR THE DAMAGE THAT HE HAS SUFFERED.   COMPENSATORY DAMAGES ARE NOT LIMITED TO EXPENSES THAT PLAINTIFF MAY HAVE INCURRED BECAUSE OF HIS INJURY. IF PLAINTIFF WINS, HE IS

---

2 *See* Fifth Circuit Pattern Jury Instruction 15.2, with addition by Plaintiff's counsel. See, *Marrero v. City of Hialeah*, 625 F.2d 499, 516 (5th Cir. 1980) (explaining that damages under 1983 can include injury to personal or business reputation*); Grosch v. Tunica Cnty., Miss.*, No. CIV A 2:06CV204-P-A, 2009 WL 161856, at *13 (N.D. Miss. Jan. 22, 2009) (lengthy analysis and determination that a 1983 plaintiff bringing a Fourth Amendment claim could recover compensatory damages for "loss of freedom").

ENTITLED TO COMPENSATORY DAMAGES FOR THE PHYSICAL INJURY, PAIN AND SUFFERING, SHOCK AND DISCOMFORT, INJURY TO HIS PERSONAL OR BUSINESS REPUTATION, LOSS OF FREEDOM, AND LOST OPPORTUNITIES THAT HE HAS SUFFERED BECAUSE OF DEFENDANTS' WRONGFUL CONDUCT.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT PLAINTIFF PROVES WERE PROXIMATELY CAUSED BY DEFENDANTS' ~~ALLEGEDLY~~ WRONGFUL CONDUCT.

OBJECTION – liability and entitlement to qualified immunity have not been established and are the province of the jury.

THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF PLAINTIFF'S DAMAGES, NO MORE AND NO LESS. DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE DEFENDANTS.

YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES THAT THE PLAINTIFF ACTUALLY SUFFERED. IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE

DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK.   ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT THE PLAINTIFF PROVE THE AMOUNT OF LOSSES  WITH  MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE. DAMAGES MAY NOT BE PRESUMED.

OBJECTION – Jury Instruction must include, "If you find that Randell Iles is liable to Waylon Bailey, then you must determine an amount that is fair compensation for all of Waylon Bailey's damages."   Also, Pattern Jury Instruction 15.2 is sufficient.

The issue of whether liability is still in dispute has been briefed to the Court.

Further, Pattern Jury Instruction 15.2 is absolutely not sufficient. Said Pattern Jury Instruction does not advise that two types of damages available are "injury to reputation" or "loss of freedom." Failing to advise the jury in the instruction that plaintiff can recover for these types of damages would be

tantamount to prohibiting Plaintiff from seeking recovery of said damages.

### Plaintiff Jury Instruction No. 4: PUNITIVE DAMAGES[3]

~~IF YOU FIND THAT DEFENDANT ILES IS LIABLE FOR PLAINTIFF [NAME]'S INJURIES,~~ YOU MUST AWARD MR. BAILEU THE COMPENSATORY DAMAGES THAT HE HAS PROVED. YOU MAY, [IN ADDITION], AWARD PUNITIVE DAMAGES IF YOU FIND THAT DEFENDANT ILES ACTED WITH MALICE OR WITH RECKLESS INDIFFERENCE TO THE RIGHTS OF OTHERS. ONE ACTS WITH MALICE WHEN ONE PURPOSEFULLY OR KNOWINGLY VIOLATES ANOTHER'S RIGHTS OR SAFETY. ONE ACTS WITH RECKLESS INDIFFERENCE TO THE RIGHTS OF OTHERS WHEN ONE'S CONDUCT, UNDER THE CIRCUMSTANCES, MANIFESTS A COMPLETE LACK OF CONCERN FOR THE RIGHTS OR SAFETY OF ANOTHER. PLAINTIFF MR. BAILEY HAS THE BURDEN OF PROVING THAT PUNITIVE DAMAGES SHOULD BE AWARDED BY A PREPONDERANCE OF THE EVIDENCE.

THE PURPOSE OF PUNITIVE DAMAGES IS TO PUNISH AND DETER, NOT TO COMPENSATE. PUNITIVE DAMAGES SERVE TO PUNISH A DEFENDANT FOR MALICIOUS OR RECKLESS CONDUCT AND, BY DOING

---

3 *See* Fifth Circuit Pattern Jury Instruction 15.7.

SO, TO DETER OTHERS FROM ENGAGING IN SIMILAR CONDUCT IN THE FUTURE. YOU ARE NOT REQUIRED TO AWARD PUNITIVE DAMAGES. IF YOU DO DECIDE TO AWARD PUNITIVE DAMAGES, YOU MUST USE SOUND REASON IN SETTING THE AMOUNT. YOUR AWARD OF PUNITIVE DAMAGES MUST NOT REFLECT BIAS, PREJUDICE, OR SYMPATHY TOWARD ANY PARTY. IT SHOULD BE PRESUMED THAT PLAINTIFF MR. BAILEY HAS BEEN MADE WHOLE BY COMPENSATORY DAMAGES, SO PUNITIVE DAMAGES SHOULD BE AWARDED ONLY IF DEFENDANT ILES' MISCONDUCT IS SO REPREHENSIBLE AS TO WARRANT THE IMPOSITION OF FURTHER SANCTIONS TO ACHIEVE PUNISHMENT OR DETERRENCE.

IF YOU DECIDE TO AWARD PUNITIVE DAMAGES, THE FOLLOWING FACTORS SHOULD GUIDE YOU IN FIXING THE PROPER AMOUNT:

1. THE REPREHENSIBILITY OF DEFENDANT ILES' CONDUCT, INCLUDING BUT NOT LIMITED TO WHETHER THERE WAS DECEIT, COVER-UP, INSULT, INTENDED OR RECKLESS INJURY, AND WHETHER DEFENDANT ILES' CONDUCT WAS MOTIVATED BY A DESIRE TO AUGMENT PROFIT;

2. THE RATIO BETWEEN THE PUNITIVE DAMAGES YOU ARE CONSIDERING AWARDING AND THE AMOUNT OF HARM THAT WAS SUFFERED BY THE VICTIM OR WITH WHICH THE VICTIM WAS THREATENED;

3. THE POSSIBLE CRIMINAL AND CIVIL SANCTIONS FOR COMPARABLE CONDUCT.

YOU MAY CONSIDER THE FINANCIAL RESOURCES OF DEFENDANT ILES IN FIXING THE AMOUNT OF PUNITIVE DAMAGES.

OBJECTION.   Jury Instruction must include, "If you find that Randell Iles is liable to Waylon Bailey, then you must determine an amount that is fair compensation for all of Waylon Bailey's damages."   Also, Pattern Jury Instruction 15.7 is sufficient.

RESPONSE: The only change from 15.7 is the deletion of words related to liability.

### Plaintiff Jury Instruction No. 5: CLAIMS

PLAINTIFF BRINGS CLAIMS UNDER TWO LAW. PLAINTIFF SUES UNDER 42 U.S.C. SECTION 1983 FOR VIOLATION OF HIS FIRST AMENDMENT RIGHT AND FOR VIOLATION OF HIS FOURTH AMENDMENT RIGHT. PLAINTIFF ALSO SUES UNDER THE STATE LAW CLAIM OF FALSE IMPRISONMENT.

THIS COURT HAS ALREADY DETERMINED THAT PLAINTIFF HAS ESTABLISHED EACH ELEMENT NECESSARY FOR DEFENDANTS TO BE HELD LIABLE UNDER THESE CLAIMS. AS SUCH, THERE IS NO DISPUTE THAT DEFENDANTS ARE LIABLE TO PLAINTIFFS UNDER THE CLAIMS PLAINTIFF ASSERTS. THEREFORE, YOUR SOLE TASK IN THIS CASE IS TO DETERMINE THE APPROPRIATE AMOUNT OF DAMAGES TO AWARD TO PLAINTIFF.

OBJECTION – liability and entitlement to qualified immunity have not been established and are the province of the jury.

The issue of whether liability is still in dispute has been briefed to the Court.

## DEFENSE JURY INSTRUCTIONS

## DEFENSE JURY INSTRUCTION NO. 1:

5th Cir. Pattern 10.1 (unreasonable arrest version) - 42 U.S.C. Section 1983 (Unlawful Seizure - Unlawful Search - Excessive Force)

OBJECTION: Plaintiff objects to this jury instruction on the grounds that the issue of liability is already established. This argument has already been briefed to the Court. *See* R. Doc. 45.

Moreover, if the Court sends the question of probable cause to the jury, then the jury must be fully appraised of the applicable statute and Louisiana case law because "whether it was 'objectively reasonable' for Iles to believe there was probable cause is 'assessed in light of legal rules clearly established at the time of the incident,' which includes the statute's text and state case law interpreting it." *Bailey v. Iles*, 87 F.4th 275, 287 (5th Cir. 2023)

RESPONSE: Liability and entitlement to qualified immunity have not been established and are the province of the jury.   (See Docs. 52 and 53.)   Further, Defendants' Proposed Jury Instructions 6-10 address the remainder of Bailey's objections.

## DEFENSE JURY INSTRUCTION NO. 2:

5th Cir. Pattern 10.3 - Qualified Immunity

OBJECTION: Plaintiff objects to this jury instruction on the grounds that the

issue of liability is already established. This argument has already been briefed to the Court. *See* R. Doc. 45. Further, as the Fifth Circuit Patten Jury Instruction itself notes "The qualified-immunity issue 'ordinarily should be decided by the court long before trial . . . .' *McCoy v. Hernandez*, 203 F.3d 371, 376 (5th Cir. 2000)." See Instruction 10.3, footnote 1. Further, "[i]n most cases in which qualified immunity remains an issue at trial, the court will have found some underlying factual dispute that precluded a pretrial ruling." *Id.* Here, there is no "underlying factual dispute" that precludes a pretrial ruling on the issue of qualified immunity.

RESPONSE: Liability and entitlement to qualified immunity have not been established and are the province of the jury.   (See Docs. 52 and 53.)

## DEFENSE JURY INSTRUCTION NO. 3:

5th Cir. Pattern 15.1 - Consider Damages Only If Necessary

OBJECTION: Plaintiff objects to this jury instruction on the grounds that the issue of liability is already established. This argument has already been briefed to the Court. *See* R. Doc. 45. As such, it is necessary for the jury to consider the issue of damages.

RESPONSE: Liability and entitlement to qualified immunity have not been established and are the province of the jury.   (See Docs. 52 and 53.)

**DEFENSE JURY INSTRUCTION NO. 4:**

5th Cir. Pattern 15.2 - Compensatory Damages

OBJECTION: Plaintiff objects to the use of Pattern Jury Instruction 15.2 without his additions. As is noted in *Marrero v. City of Hialeah*, a plaintiff seeking damages under 1983 can recover for injury to personal or business reputation. 625 F.2d 499, 516 (5th Cir. 1980). As such, the jury should be instructed that it can make an award for said damages.

RESPONSE: Pattern Jury Instruction 15.2 is sufficient.

**DEFENSE JURY INSTRUCTION NO. 5:**

5th Cir. Pattern 15.7 - Punitive Damages

OBJECTION: Plaintiff objects to provision of Instruction 15.7 without the modification requested above.

RESPONSE: Pattern Jury Instruction 15.7 is sufficient.

**DEFENSE JURY INSTRUCTION NO. 6:**

Jury Instructions 6 through 10 are drawn from <u>Bailey v. Iles</u>, _____ F.4th ___, p. 8-10, 12 (5th Cir. 11/21/23) 2023 WL 8062239

[A]s a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content.   The First Amendment's protections apply to jokes, parodies, satire, and

the like, whether clever or in poor taste.    That said, the First Amendment does not protect all speech, nor has it ever.    There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem.    Content-based restrictions on speech have been permitted, as a general matter, only when confined to the few historic and traditional categories of expression long familiar to the bar.    Two categories are relevant here: (1) advocacy intended, and likely, to incite imminent lawless action; and (2) true threats.

OBJECTION: Plaintiff objects to this jury instruction on the grounds that the issue of liability is already established. This argument has already been briefed to the Court. *See* R. Doc. 45.

Plaintiff further objects because the instruction does not advise that "even language that had a 'tendency to lead to violence' was protected by the First Amendment…" *Bailey v. Iles*, 87 F.4th 275, 284 (5th Cir. 2023). It also fails to advise that a statement is not a "true threat" when it    lacks believability and is "not serious." *Id*. at 285.

RESPONSE: Liability and entitlement to qualified immunity have not been established and are the province of the jury.    (See Docs. 52 and 53.)

23

**<u>DEFENSE JURY INSTRUCTION NO. 7:</u>**

Encouragement of conduct that might harm the public such as the violation of law or the use of force is protected by the First Amendment unless it is directed to inciting or producing *imminent* lawless action and is *likely* to incite or produce such action.    The crucial element to lowering the [F]irst [A]mendment shield is the imminence of the threatened evil.

OBJECTION: Plaintiff objects to this jury instruction on the grounds that the issue of liability is already established. This argument has already been briefed to the Court. *See* R. Doc. 45.

RESPONSE: Liability and entitlement to qualified immunity have not been established and are the province of the jury.    (See Docs. 52 and 53.)

**<u>DEFENSE JURY INSTRUCTION NO. 8:</u>**

" "True threats" encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals."    In deciding whether speech in an unprotected "true threat," context is critical.    (Considering the context, the expressly conditional nature of the statement, and the reaction of the listeners when evaluating whether a statement is a true threat).

OBJECTION: Plaintiff objects to this jury instruction on the grounds that the

issue of liability is already established. This argument has already been briefed to the Court. *See* R. Doc. 45.

RESPONSE: Liability and entitlement to qualified immunity have not been established and are the province of the jury.    (See Docs. 52 and 53.)

## **DEFENSE JURY INSTRUCTION NO. 9:**

Iles arrested Bailey for "terrorizing," in violation of La. R.S. § 14:40.1(A)(1). The relevant portion of the statute reads as follows:

> Terrorizing is the intentional communication of information that the commission of a crime of violence is imminent or in progress or that a circumstance dangerous to human life exists or is about to exist, with the intent of causing members of the general public to be in sustained fear for their safety; or causing evacuation of a building, a public structure, or a facility of transportation, or causing other serious disruption to the general public.    La. R.S. § 14:40.1(A)(1).

The crime of terrorizing requires (1) false information intentionally communicated and (2) an immediacy element concerning the false information or threat that causes sustained fear or serious public disruption.    ("Moreover, causation of 'sustained fear' is clearly an essential element of this part of the statute.") The statute also requires (3) specific intent ... i.e., the intent to cause members of the general public to be in sustained fear for their safety, or to cause evacuation of a public building, a public structure, or a facility of transportation, or to cause other serious disruption to the general public.

OBJECTION: Plaintiff objects to this jury instruction on the grounds that the issue of liability is already established. This argument has already been briefed to the Court. *See* R. Doc. 45.

RESPONSE: Liability and entitlement to qualified immunity have not been established and are the province of the jury.    (See Docs. 52 and 53.)

## **DEFENSE JURY INSTRUCTION NO. 10:**

To establish a claim for First Amendment retaliation, Bailey must show that (1) he was engaged in constitutionally protected activity, (2) Iles' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) Iles' adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct.

OBJECTION: Plaintiff objects to this jury instruction on the grounds that the issue of liability is already established. This argument has already been briefed to the Court. *See* R. Doc. 45.

Plaintiff further objects because his First Amendment violation claim is not limited to the issue of retaliation. It is for violation of the First Amendment in and of itself. The only issue is whether the speech was Constitutionally protected. See *Bailey v. Iles*, 87 F.4th at 289. Unless Defendant Iles can show that the speech amounted to "incitement" or a "true threat," Defendant Iles violated Mr. Bailey's

First Amendment rights.

RESPONSE: Liability and entitlement to qualified immunity have not been established and are the province of the jury.    (See Docs. 52 and 53.)

## DEFENSE JURY INSTRUCTION NO. 11:

To prove a claim of false arrest under Louisiana law Bailey must show: "(1) detention of the person; and (2) the unlawfulness of the detention."    *Richard v. Richard*, 74 So.3d 1156. 1159 (La. 2011).    Bailey bears the burden of showing that the arrest was unlawful, or "made without color of legal authority."    *Touchton v. Kroger Co*., 512 So. 2d 520, 524 (3d Cir. 1987).    An arrest is lawful if it is made pursuant to a valid arrest warrant or pursuant to probable cause.    *See, Deville v. Marcantel*, 567 F.3d 156, 172 (5th Cir. 2009).

Respectfully Submitted:

**BIZER & DeREUS, LLC**

By: /s/Garret S. DeReus
Garret S. DeReus (#35105)
gderreus@bizerlaw.com
Andrew D. Bizer (#30396)
andrew@bizerlaw.com
3319 S. Claude Avenue
New Orleans, LA 70117
P: 504/619-9999 F: 504/948-9996
ATTORNEYS    FOR    DEFENDANT,
WAYLON BAILEY

And

**PROVOSTY, SADLER & deLAUNAY, APC**

By: /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
ELI J. MEAUX (#33981)
emeaux@provosty.com
934 Third Street, Suite 800
P.O. Box 13530
Alexandria, LA 71315-3530
P: 318/767-3133    F: 318/767-9650
ATTORNEYS FOR DEFENDANTS,
RANDELL ILES and SHERIFF MARK
WOOD, IN HIS OFFICIAL CAPACITY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of December, 2023, I electronically filed the foregoing PROPOSED JURY INSTRUCTIONS with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

Garret Scott DeReus
Bizer & DeReus
3319 St Claude Ave
New Orleans, LA 70117
P: 504-619-9999   F: 504-948-9996
Email: gdereus@bizerlaw.com

I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail to the following non-CM/ECF participants: NONE

/s/ H. Bradford Calvit
H. BRADFORD CALVIT

28